# CV 17-6456

# ORIGINAL

## UNITED STATES DISTRICT COURT

for the

Eastern District of New York

# BRODIE, J.

# BLOOM, M.J.

Anthony Cammarata

_____

**Plaintiff(s)**
*(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)*

-v-

The City University of New York, Sonia Pearson, Lidia
Sanchez, Robert Ajaye, Jeff Rickman, Lin Abreu

_____

**Defendant(s)**
*(Write the full name of each defendant who is being sued. If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names.)*

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Pro Se Complaint for Employment Discrimination

Case No. _____

*(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)*  ☑Yes  ☐No

RECEIVED
NOV 03 2017
PRO SE OFFICE

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

### I.     The Parties to This Complaint

#### A.     The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if
needed.

| | |
|---|---|
| Name | Anthony Cammarata |
| Street Address | 7829 81st Street |
| City and County | Glendale, Queens |
| State and Zip Code | NY 11385 |
| Telephone Number | 646-883-1974 |
| E-mail Address | movieseer1977@gmail.com |

#### B.     The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an
individual, a government agency, an organization, or a corporation. For an individual defendant,
include the person's job or title *(if known)*. Attach additional pages if needed.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

Defendant No. 1

| | |
|---|---|
| Name | City University of New York |
| Job or Title *(if known)* | |
| Street Address | 205 East 42nd Street |
| City and County | New York, New York |
| State and Zip Code | NY, 10017 |
| Telephone Number | (646) 664-3300 |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | Sonia Pearson |
| Job or Title *(if known)* | Executive Director - Central Office Human Resources |
| Street Address | 205 East 42nd Street, 10th Floor |
| City and County | New York, New York |
| State and Zip Code | NY, 10017 |
| Telephone Number | (646) 664-3300 |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | Lidia Sanchez |
| Job or Title *(if known)* | HR Coordinator - Central Office Human Resources |
| Street Address | 205 East 42nd Street, 10th Floor |
| City and County | New York, New York |
| State and Zip Code | NY, 10017 |
| Telephone Number | (646) 664-3300 |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | Robert Ajaya |
| Job or Title *(if known)* | DC 37 Union President, Local 2627 |
| Street Address | 125 Barclay Street |
| City and County | New York, New York |
| State and Zip Code | NY, 10007 |
| Telephone Number | (212) 815-1932 |
| E-mail Address *(if known)* | |

(See Additional Pages)

Defendant No. 5

Name Jeff Rickman

Job or Title _____
(if known)

Street Address 205 East 42nd Street 10th Fl.

City and County New York, New York

State and Zip Code NY 10017

Telephone Number 646-664-3300

E-mail Address _____
(if known)


Defendant No. 6

Name Lin Abreu

Job or Title IT Assistant

(if known)

Street Address 205 Eas 42nd Street, 10th Fl.

City and County New York, New York

State and Zip Code NY 10017

Telephone Number (646) 664-3300

E-mail Address _____
(if known)


Defendant No. _____

Name _____

Job or Title _____
(if known)

Street Address _____

City and County _____

State and Zip Code _____

Telephone Number _____

E-mail Address _____
(if known)

**C.    Place of Employment**

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | The City University of New York |
| Street Address | 205 East 42nd Street, 10th Floor |
| City and County | New York, New York |
| State and Zip Code | NY, 10017 |
| Telephone Number | (646) 664-3300 |

**II.    Basis for Jurisdiction**

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☑    Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note:  In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐    Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note:  In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☑    Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note:  In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☑    Other federal law *(specify the federal law)*:

Freedom of Information Act

☑    Relevant state law *(specify, if known)*:

Consolidated Omnibus Budget Reconciliation Act

☐    Relevant city or county law *(specify, if known)*:

III.   **Statement of Claim**

Write a short and plain statement of the claim.  Do not make legal arguments.  State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought.  State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

A.   The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

- ☐ Failure to hire me.
- ☐ Termination of my employment.
- ☐ Failure to promote me.
- ☑ Failure to accommodate my disability.
- ☑ Unequal terms and conditions of my employment.
- ☑ Retaliation.
- ☐ Other acts *(specify)*:   Denial of C.O.B.R.A.; Denial of F.O.I.L. Rights

*(Note:  Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B.   It is my best recollection that the alleged discriminatory acts occurred on date(s)
September 22, 2016; November 18, 2016; November 25, 2016; December 12, 2016; January 19, 2017

C.   I believe that defendant(s) *(check one)*:

- ☑ is/are still committing these acts against me.
- ☐ is/are not still committing these acts against me.

D.   Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

- ☐ race _____
- ☐ color _____
- ☐ gender/sex _____
- ☐ religion _____
- ☐ national origin _____
- ☐ age *(year of birth)* _____ *(only when asserting a claim of age discrimination.)*
- ☑ disability or perceived disability *(specify disability)*
  Mental Illness, Depression, Chronic Panic Attacks

E.   The facts of my case are as follows.  Attach additional pages if needed.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

Was given false/or misleading information about disability; Denied FMLA extension even though Doctor submitted extensive diagnosis; Constant threats and bullying by employer adding to chronic depression; Was denied Freedom of Information when requesting full Personnel File; Was denied C.O.B.R.A. even though legally entitled; Employer violated HIPPA rights when seeking medical information directly and willfully from Plaintiff's Doctor without Plaintiff's consent or knowledge.

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV.   Exhaustion of Federal Administrative Remedies

A.   It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

**State Human Rights Division, January 2017**

B.   The Equal Employment Opportunity Commission *(check one)*:

☐   has not issued a Notice of Right to Sue letter.

☑   issued a Notice of Right to Sue letter, which I received on *(date)*   **10/05/2017**   .

*(Note:  Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C.   Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐   60 days or more have elapsed.

☐   less than 60 days have elapsed.

## V.   Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order.  Do not make legal arguments.  Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.  Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Award Plaintiff actual damages for loss of wages in an amount to be fixed upon inquest and be granted 2 years full salary. Plaintiff be granted full medical insurance and be granted medical benefits when retirement age is reached. Be granted full retirement eligibility and continued contribution into pension. Removal of any/all disciplinary letters in Plaintiff's Personnel File. Be granted full protection against any retaliatory remarks, counter lawsuits or accusations written or verbal, present or in the future from all Defendants.

---

## VI.   Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.        For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:        11/03/2017

Signature of Plaintiff

Printed Name of Plaintiff        Anthony Cammarata

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Anthony Cammarata<br>78-29 81st Street, 2nd Floor<br>Ridgewood, NY 11385 | From: | New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |
|---|---|---|---|

| ☐ | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) | |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16G-2017-01471 | Holly M. Woodyard,<br>State & Local Program Manager | (212) 336-3643 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☒ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
#### (See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_____            October 05, 2017

Enclosures(s)                    **Kevin J. Berry,**                  (Date Mailed)
                          **District Director**

cc:
    **Attn: Director of Human Resources**
    **NEW YORK STATE, CITY UNIVERSITY OF**
    **Office of General Counsel, 11t**
    **h Floor 205 East 42nd Street**
    **New York, NY 10017**

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
New York District Office
33 Whitehall Street, 5th Fl
New York, N.Y. 10004

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE,  $300



02 1P        **$ 000.46⁰**
0000806097     OCT 05 2017
MAILED FROM ZIP CODE 10004

1136537632  C045

**UNITED STATES OF AMERICA**
**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***
**ANTHONY CAMMARATA,**
    *Plaintiff*

versus           File No:

**THE CITY UNIVERSITY OF NEW YORK,**
**SONIA PEARSON, ROBERT AJAYE,**
**LIDIA SANCHEZ, LIN ABREU,**
**JEFF RICKMAN**
    *Defendants*
       JURY TRIAL DEMANDED
**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## COMPLAINT

COMES NOW, the Plaintiff, Anthony Cammarata ("Cammarata"), for a Complaint against the Defendant(s), The City University Of New York, Sonia Pearson, Robert Ajaye, Lidia Sanchez, Lin Abreu, Jeff Rickman, states and alleges as follows:

### PARTIES

1.  Plaintiff, Cammarata, is a resident of the State of New York, County of Queens, employed by The Defendant, The City University Of New York, located in New York County ("CUNY")

2.  CUNY is

1

3.    The Defendant, Sonia Pearson ("Pearson"), is

4.    The Defendant Robert Ajaye ("Ajaye"), is

5.    The Defendant, Lidia Sanchez ("Sanchez"), is

6.    The Defendant, Lin Abreu ("Abreu"), is

7.    The Defendant, Jeff Rickman ("Rickman"), is

## NATURE OF CLAIM

This action is for declaratory and injunctive relief and for damages to redress the deprivation of rights secured to the plaintiff by the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq ("ADA"), 42 U.S.C. §2000(e) et seq ("Title VII"), 42 U.S.C. § 1983 et seq, Family and Medical Leave Act (FMLA) and the Fourteenth Amendment.

## JURISDICTION

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343 (4), 2201, 2202, and Title VII. Jurisdiction to grant injunctive and declaratory equitable relief as well as damages is

2

invoked pursuant to 42 U.S.C. §§ 12101 et seq (ADA); 42 U.S.C. § 1983 et seq; Family and Medical Leave Act (FMLA) and the Fourteenth Amendment.

A formal investigation was performed with EEOC issuing a Right to Sue Notification within the past 90 days. **(Exhibit A)**

## STATEMENT OF CLAIM

1. Plaintiff began his employment on July 28, 2008 with CUNY and was removed from payroll without notice on January 19, 2017.

2. On or around September 6, 2016, the plaintiff, Anthony Cammarata, was not feeling well, symptoms consisting of severe headaches, body fatigue and insomnia. All the while, keeping his supervisors, Dean, Carlos Flynn and Duffie Cohen apprised of his current condition via email. Six days later The City University of New York's HR Department contacted Mr. Cammarata asking him to have his Doctor fill out FMLA forms and returned by September 27, 2016.

3

3. Plaintiff's Doctor, Gennadiy Kvetny filled out the FMLA Forms **(Exhibit B)**. He wrote that Plaintiff was suffering from anxiety and depression, and recommended continuous bed rest. After completing the forms and emailing them back to CUNY HR, Plaintiff called CUNY HR and left a message for Francis Correa regarding filing for disability, to which he never received a response from.

4. On or about September 22, 2016, Plaintiff called CUNY HR and spoke to Lidia Sanchez, HR Coordinator. Plaintiff proceeded to ask if his FMLA Forms had been received. Ms. Sanchez then proceeded to ask plaintiff if he had any other questions. The plaintiff responded by asking if Ms. Francis Correa received his message regarding disability, to which Ms. Sanchez, responded yes.  Then Ms. Sanchez followed-up with a question, "do you mean disability in terms of using your sick leave or long-term disability".  Plaintiff responded by noting possible long term, but was not sure. Ms. Sanchez then proceeded to explain to Mr. Cammarata that in order

to receive Long Term Disability, he would have to be out for 6 consecutive months and have his Doctor fill out the forms at that time.

5. Plaintiff remained on FMLA for 90 days, making several visits to Dr. Kvetny, during this time, and on November 18, 2016, Plaintiff wrote an email to CUNY HR, addressed to Ms. Sanchez **(Exhibit C)**. In that email, Plaintiff noted that his Doctor requested that he be put on Disability and wanted to know what the procedures were and wanted to fill out the paperwork. The email went unanswered by Ms. Sanchez.

6. 7 days later on November 25, 2016, Plaintiff sent a follow-up email again requesting the information regarding the disability procedures and once again the email went unanswered. **(Exhibit D)**

7. At this point, Plaintiff then consulted with an attorney regarding Disability. Under the advice of the attorney who informed the Plaintiff that CUNY was denying him the right to file for Disability, Short-Term and/or possible long-term, it was

5

suggested that plaintiff call CUNY HR and ask for a better explanation for the denial.

8. So on or about November 28, 2016, after having exhausted the FMLA, Plaintiff called CUNY HR and spoke to another HR representative by the name of Ming Ho Chan. Plaintiff informed Mr. Chan that he had tried reaching Ms. Sanchez by phone and email, but did not receive a response. Plaintiff explained to Mr. Chan, that he received a request from his Doctor to fill out paperwork for Disability.

9. Mr. Chan proceeded to explain that Plaintiff was only entitled to file for Short Term Disability through his union only. Plaintiff became anxious as he explained to Mr. Chan that he had not been informed of this and was basically mislead by Ms. Sanchez several months prior. Not responding to this information, Mr. Chan informed the Plaintiff that he would have to check with his HR Supervisors to ask them what paperwork the Plaintiff needed in order to file for Short Term Disability.

10. Within a few hours, Plaintiff received a form from Mr. Chan which was an old form from the DC 37 Union. Upon looking at this, the Plaintiff called his Union and spoke to a benefits representative. The benefits representative informed the Plaintiff that he should have filled this form out when first becoming ill. The Plaintiff was also told that he may no longer qualify and that he would have to write an appeal.

11. The Plaintiff, at this point became very distraught and did not know what to do. He called his Union Represenative, Robert Ajaye, who basically said to the plaintiff "why did you wait so long"? To which the plaintiff informed Mr. Ajaye that he was given misleading information from Ms. Sanchez of CUNY HR and that he would file a complaint.

12. That same day, the Plaintiff called CUNY HR and Ms. Sanchez answered. The Plaintiff then proceeded to ask Ms. Sanchez why she never mentioned anything about Short-Term Disability. Not responding to the Plaintiff's direct question, Ms. Sanchez proceeded to explain that he was not entitled to any

7

form of disability because he was already on FMLA. The

Plaintiff, seeking further clarification, asked her to explain why,

and she explained that since he was on FMLA, Short term

Disability was no longer an option, furthermore, Ms. Sanchez

then stated that short term Disability would not have paid as

much as FMLA and that the Plaintiff was more or less better off

staying on FMLA. However, she recommended that he could

have his doctor extend the FMLA. To which the Plaintiff agreed

to.

13. In an email dated November 30, 2016, **(Exhibit E)**, the

Plaintiff finally received an email from Ms. Sanchez, however,

the email had a different response from what was discussed over

the phone several days prior. Ms. Sanchez mad it very clear that

the Plaintiff was not eligible for any long term disability,

although again, the Plaintiff never specifically asked for that.

Furthermore, it was explained to the Plaintiff that he would

need to submit substantial medical documentation in order to

extend current leave. On December 2, 2016, the Plaintiff had his

doctor fill out the FMLA forms once again and extend his leave until February 2, 2017 **(Exhibit F)**. After submitting the Forms electronically to CUNY HR, the Plaintiff did not receive a response for nearly 10 days.

14. On December 14, 2016, Plaintiff received a letter, dated December 12, 2016 from Ms. Sonia Pearson, Director of Human Resources at CUNY **(Exhibit G)**. The letter briefly stated the  FMLA Forms were both incomplete and insufficient. Ms. Pearson demanded that the Plaintiff see his Doctor again and have his Doctor explain in more detail why the Plaintiff should remain on FMLA. The letter stated that the Plaintiff have his Doctor send this information by the December 27, 2016 deadline, otherwise would the plaintiff would face appropriate action, because Ms. Pearson claimed the Plaintiff was absent without authorized leave.

15. On December 19, 2016, The plaintiff once again saw his Doctor and explained that he needed his Doctor to fill out the FMLA Forms more completely explaining his disability. At this

9

point, the Plaintiff once again felt threatened of being fired and

asked the Doctor if he would also write a letter to back up the

FMLA explanation. So at the Plaintiffs request, the Doctor

wrote a separate letter on December 19, 2016. And was

submitted electronically to Ms. Pearson at CUNY HR

**(Exhibit H)**.

16. However, not receiving a response for a month, the Plaintiff

finally received a letter in the mail from Ms. Pearson on January

19, 2017. The response once again was a very threatening letter

**(Exhibit I)**. The letter stated that the Plaintiff failed to provide

sufficient documentation for Medical Leave and appropriate

action would be taken against him. The letter also demanding he

return by January 30, 2017. even though initial communication

from his doctor could not give a firm dates because of

continuous effects from his condition.

17. Taking this threat seriously, the Plaintiff proceeded to make an

appointment with his Doctor once more. Unbeknownst to the

Plaintiff that on January 19, 2017, CUNY removed him from

payroll and discontinued his health insurance without any warning, thereby leaving Mr. Cammarata without any insurance coverage and in a vulnerable position. This was discovered when the Plaintiff went to the Doctor's office, whereupon his insurance card was rejected. He called his insurance carrier and they informed him he was no longer covered. The Plaintiff had to pay out of pocket $75 which he really could not afford, in order to obtain yet another letter **(Exhibit J)** from his doctor, to send to Ms. Pearson. Ms. Pearson, in response, followed up with a final letter on the matter, February 3, 2017 **(Exhibit K)**. A letter which Plaintiff did not receive by mail and only became aware of during a DHR/EEOC investigation. Plaintiff believes this letter was added after the fact given the lag time from previous responses from Ms. Pearson.

18. The Plaintiff again seeking help from his Union, spoke to his Representative, Mr. Ajaye. But when the Plaintiff explained the situation at hand, Mr. Ajaye responded with "Sorry, I don't know what to tell you". Not exactly the response the Plaintiff

expected. The Plaintiff asked why and if there could be arbitration, but again, Mr. Ajaye claimed there was nothing to arbitrate. The Plaintiff was left without any help from his Union. Without questioning it at the time, CUNY left the Plaintiff without any insurance, and did not even offer an alternative to which he could pay into, such as C.O.B.R.A. The Union did not even offer any assistance to resolve the matter. This was and still is unlawful under the Plaintiff's Contract and under the C.O.B.R.A Act.

19. Plaintiff also wishes to add charges for other unlawful actions taken against him during his employment with the City University of New York. These include, but not limited to unlawful acts of retaliation, coercion, and other incidental and consequential damages.

20. Such incidents include, CUNY purposely and willfully holding his paycheck back in April of 2014, when plaintiff suffered a brief illness only lasting 7 days. He was forced to fill out FMLA forms and when he questioned why, coincidently his paycheck

was not distributed. Furthermore, when the plaintiff requested his paycheck be relinquished, Ms. Pearson again asked that he fill out the FMLA Forms. The Plaintiff did so, but yet his paycheck was not distributed. When The Plaintiff demanded immediate action, Ms. Pearson offered an option in the form of a loan, to which the plaintiff had to pay back, once a new check was distributed. The Plaintiff became distraught and very upset, and emailed Ms. Pearson several times requesting immediate distribution of his check. However, Ms. Pearson again gave him a choice, either to accept a loan or wait 2 periods before a new check be distributed **(Exhibit L)**. When the Plaintiff went to his union, the Union Representative, Mr. Ajaye only stepped in briefly because the Plaintiff CC'd  Mr. Ajaye in the emails sent to Ms. Pearson. Otherwise, Mr. Ajaye wanted to involvement in the matter, almost as if he was bothered.

21. Allegedly after the plaintiff received his paycheck, a letter, from Ms. Pearson dated April 28, 2014, was sent out accusing the Plaintiff of acting irate and demanded he sign a letter

promising to never act in this manner again, otherwise he would

face possible disciplinary charges **(Exhibit M)**. This after they

purposely withheld his check unless he filled out FMLA Forms.

22. In another incident, the following year, Plaintiff was accused

of causing a departmental computer virus. To further explain,

on or about August 8, 2015, Plaintiff received a visit from IT

stating that the plaintiff had a virus on his machine, and

therefore it had to be removed in order for them to clear it out.

In turn, they gave the Plaintiff a temporary PC which was a new

model. During the course of using this new PC, Plaintiff had no

viruses. A week or so later, IT returned with a different PC,

with a re-imaged Hard Drive, to which did not have all the

necessary programs the plaintiff needed to perform his duties.

23. Once again, the machine was removed and replaced again with

a New Model. This time, the plaintiff was told that this would

be his PC moving forward and he was able to keep it for several

months. That was until the local IT supervisor Lin Abreu

contacted plaintiff via phone and informed him that he would

get his old computer back. Not understanding this, Plaintiff questioned Mr. Abreu's reasoning for the removal, with Mr. Abreau, explaining that IT was short of the Newer PC's and therefore removal was necessary. This took place on or about November 28, 2015. Plaintiff alleges as soon as the old machine was replaced back at his desk, Mr. Abreau mysteriously replaced one re-imaged hard drive with another within the same day. Further to this happening, Plaintiff also alleges, another virus occurred. This time however, it was not a typical virus, it was a malware virus. One that supposedly corrupted the entire shared drive within the Plaintiff's Department. With regard to IT, they accused Mr. Cammarata of causing the spread of the malware. The Plaintiff made several complaints to Mr. Abreu's Supervisor, Jeff Rickman, however, Plaintiff never was acknowledged.

24. Let it be stated that IT having hired employees that in some cases had no formal training and Plaintiff can attest that as an IT Assistant himself, the "Test" was nothing more that answering

simple questions regarding how to operate a PC and given a passing score. That being said, on many occasions, other members of the Plaintiff's Department also had issues with Viruses caused by IT, either by a member of the IT group leaving flash drives in machines and in several instances, whereupon IT was unable to trace a virus and problems removing a virus from machines. So to accuse the Plaintiff of causing a departmental virus was erroneous by making the Plaintiff a scapegoat for their lack of knowledge.

25. Let it also be known, that several months after this incident occurred, Plaintiff was confronted by Mr. Rickman, and in not so many words, accused the Plaintiff again of causing the viruses. Plaintiff, in defense, accused IT. Several weeks later, Plaintiff was asked to sign another letter by Ms. Pearson **(Exhibit N),** stating that Plaintiff was surfing the internet on websites not approved by CUNY. Plaintiff argued that CUNY's Policy for computer use stated that the occasional web search outside of designated CUNY Approved websites was perfectly

ok. However, they claimed the Plaintiff abused this privilege and therefore was no longer allowed to do so.

26. Plaintiff refused to sign the letter, thereby contacting his Union Representative, Mr. Ajaye, on the phone, who told the Plaintiff to sign the letter and everything would go away and be forgiven. Which was a simple attempt, on Mr. Ajaye's part, to appease Mr. Cammarata's worries without offering to sit down with both the Plaintidff and CUNY to try to arbitrate. Mr. Ajaye basically sided with CUNY without really listening to Mr. Cammarata's concerns. Because Mr. Ajaye is also employed by CUNY, it is fair to say, that Mr. Ajaye is truly looking out for his own well-being when it comes to matters pertaining to others.

27. The Plaintiff at this point contacted an attorney, who on his behalf wrote several letters to CUNY. CUNY in turn had their lawyers argue that regardless of certain policies, which were outdated, Plaintiff still had to sign the letter, otherwise the letter would still be placed in the Plaintiff's file with an added note of refusal. So the plaintiff signed under coercion and fear of losing

17

his job, but attached a rebuttal accusing CUNY of forceful

coercion.

28. In more recent events, Plaintiff requested his complete

personnel file **(Exhibit O)**. CUNY, however, thus, refused to

send Plaintiff his complete personnel record, instead he only

received 2 hiring letters from 2008 and 2010, documents

pertaining to his pay increase, and the inclusion of address

changes and other non-essential information **(Exhibit P)**.

This is unacceptable and unlawful according the Freedom of

Information Act, to which CUNY has violated. Further to this,

the Plaintiff discovered that the Defendant requested Medical

Records directly from his Doctor by sending a written request

without the Plaintiff's knowledge, thereby violating The HIPAA

law and his civil rights. In a Letter dated September 6, 2017

**(Exhibit Q),** the Defendant, Ms. Pearson, claimed they had the

right to do so. This after nearly 7 months when they refused to

accept the original diagnosis from the Plaintiff's Doctor. A

rebuttal by the Plaintiff was sent 2 days later on September 8,

18

2017 with a counter argument along with stating that his rights were violated **(Exhibit R)**. No response came from the Defendant.

29. As a direct result of Defendant's actions, Plaintiff has suffered and continues to suffer anguish; financial loss, including, but not limited to loss of income and health benefits; and other incidental and consequential damages and expenses.

WHEREFORE, Plaintiff pleads that the Court:

a. Issue a permanent injunction enjoining the defendant from continuing or maintaining the policy, practice and custom of denying, abridging, withholding, or conditioning the rights of employees on the basis of disability which rights are secured by the ADA and Title VII.

b. As a result of the policies, procedures , practices, and acts of defendants, Plaintiff, Anthony Cammarata, has suffered violations of his rights, privileges, and immunities under the Constitution and aforementioned statutes and has and continues to suffer mentally, with severe emotional, psychological and financial distress ,

anguish, humiliation, embarrassment, anxiety, and pain and suffering due to the willful, wanton , and deliberate misconduct of the Defendants in connection with the deprivation of his constitutional and statutory rights guaranteed Fourteenth Amendment of the Constitution of the United States, protected by 42 U.S.C. §1983 , the ADA, and Title VII.

c. Award Plaintiff a judgment  against  defendant  in whatever amount. Award plaintiff actual damages for loss of wages, health insurance and other related losses in an amount to be fixed upon inquest and based upon the difference between total compensation plaintiff would have earned in the absence of this illegal discrimination against him, and the total compensation and/or benefits actually earned compensation plaintiff would have earned.

d.  Reinstate Plaintiff at current rate, original date of retirement eligibility, return sick and vacation leave.

e. Prepare a letter of explanation to be placed in Plaintiff's personnel file and the removal of accusatory statements and

letters

f. Award Plaintiff such other and further relief that the court seems just

and appropriate regarding the enforcement of the contract made by

and between The City University Of New York and Plaintiff's Union

DC37.

Respectfully submitted,

November 3, 2017

ANTHONY CAMMARATA
7829 81st Street
646-883-1974
movieseer1977@gmail.com

21

# EXHIBIT A

EEOC Form 161 (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To: **Anthony Cammarata**
**78-29 81st Street, 2nd Floor**
**Ridgewood, NY 11385**

From: **New York District Office**
**33 Whitehall Street**
**5th Floor**
**New York, NY 10004**

| | |
|---|---|
| ☐ | *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))* |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16G-2017-01471 | **Holly M. Woodyard,** **State & Local Program Manager** | **(212) 336-3643** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☒ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

On behalf of the Commission

**Kevin J. Berry,**
**District Director**

October 05, 2017
*(Date Mailed)*

Enclosures(s)

cc:
**Attn: Director of Human Resources**
**NEW YORK STATE, CITY UNIVERSITY OF**
**Office of General Counsel, 11t**
**h Floor 205 East 42nd Street**
**New York, NY 10017**

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
New York District Office
33 Whitehall Street, 5th Fl
New York, N.Y. 10004

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE,  $300



$ 000.46⁰
02 1P
0000806097     OCT 05 2017
MAILED FROM ZIP CODE 10004

11385$7632  C045

# EXHIBIT B



The City
University
of
New York

**FAMILY AND MEDICAL LEAVE ACT (FMLA) - REQUEST FORM**

**FMLA FORM 1**

College   CUNY Central Office ▾

**Eligible employees are entitled to up to 12 weeks of unpaid job-protected leave for certain family and medical reasons.**
**If you wish to request FMLA leave, this form must be submitted as early as practicable, preferably no fewer than 30 days in advance of the start**
**of your leave. CUNY reserves the right to deny or postpone leave for failure to give appropriate notice.**

**Employee Information:**

Name   Anthony Cammarata     Empl. ID

Contract Title   IT Assistant     Department   Invest In CUNY

Supervisor Name   Carlos Flynn     Phone   212 417 6371   Email   anthony.cammarata@cuny.edu

Contact information while on leave   Home Phone 576 406 9817   Cell Phone     Email

**Reason for requesting leave (Check appropriate box)**

☒ My own serious health condition *(Attach Certification of Healthcare Provider)*

☐ Birth of my child; to care for my newborn child     Date of birth

☐ Placement of child with me for adoption or foster care     Date of placement

*Attach appropriate documents*

☐ To care for my family member with serious health condition     *(Attach Certification of Healthcare Provider & Certification of Family Relationship Form)*

☐ To care for a seriously injured or ill servicemember or veteran related to employee   *(Attach Certification of Healthcare Provider & Certification of Family Relationship Form)*

☐ Family member is on or has been called to active duty in the military   *(Attach Certification of Qualifying Exigency & Certification of Family Relationship Form)*

**Period of Leave**

☒ I request CONTINUOUS FMLA LEAVE, starting     Date 9/6/2016   and ending   Date 12/1/2016

☐ I request INTERMITTENT FMLA LEAVE, starting     Date

☐ I request REDUCED WORK SCHEDULE FMLA LEAVE, starting     Date   and ending   Date

Number of hours/week

*Anticipated schedule of absence must be discussed with supervisor.*
*For Intermittent or Reduced Work Schedule, appropriate documents must be attached.*

**EMPLOYEE STATEMENT OF UNDERSTANDING**

I am aware of and understand the following:
1. If the leave is for my own serious health condition or to care for a family member with a serious health condition, I must return a completed medical certification form to the Office of Human Resources within 15 days of the College's request, or as soon as practicable. Failure to do so may result in my leave being delayed until I provide this documentation; if the certification is not clear, the College can contact the Healthcare Provider for clarification.
2. Following a leave for my own serious illness, I may be required to present a fitness for duty certification to the Office of Human Resources.
3. My health benefits will continue during my leave and I am expected to continue to pay my share of health insurance premiums, if any.
4. If, under current University leave policies, I am eligible to lengthen this leave or request other leave benefits, I will submit the appropriate documents to the Office of Human Resources, prior to the conclusion of my FMLA leave.
5. If I fail to return to work upon the conclusion of this approved leave, I may be subject to disciplinary proceedings or other action in accordance with CUNY policies and applicable collective bargaining agreements.

Signature   _Anthony Cammarata_     Date 9/16/16

**RECEIVED BY (This form must be signed by the Director of Human Resources or Designee)**

Name     Signature

Date

OHRM - FMLA REQUEST FORM - 2015

*Anthony CAMMARATA*


The City University of New York

**FAMILY AND MEDICAL LEAVE ACT (FMLA)**
**CERTIFICATION OF HEALTH CARE PROVIDER FOR EMPLOYEE'S SERIOUS HEALTH CONDITION**

**Section 1: TO BE COMPLETED BY EMPLOYER**

Employer College/Unit _____  Address _____

City _____  State ____  Zip Code ____  Tel.: _____  FAX _____

Name of Employee _____  Empl. ID ____  Department _____

Contract Title _____  ☐ *Job description attached*  Regular Work Schedule _____

Essential Job Functions
*(if job description is not attached)* _____

**Section II: INSTRUCTIONS TO EMPLOYEE**

FMLA permits CUNY to require that you submit a timely, complete, and sufficient medical certification to support a request for FMLA leave due to your own serious health condition. If requested by CUNY, your response is required to obtain or retain the benefit of FMLA protections. Failure to provide a complete and sufficient medical certification may result in denial of your FMLA request.

*Physician* →

**CUNY gives you at least 15 calendar days to return this form.**

This form must be returned by _____

**Section III: INSTRUCTIONS TO HEALTH CARE PROVIDER**

The employee listed above has requested leave under the FMLA. Answer fully and completely all applicable parts.
- Several questions seek a response as to the frequency or duration of a condition, treatment, etc. Your answer should be your best estimate based upon your medical knowledge, experience, and examination of the patient.
- Be as specific as you can; terms such as "lifetime", "unknown", or "indeterminate" may not be sufficient to determine FMLA coverage.
- Limit your responses to the condition for which the employee is seeking care.
- Do not provide information about genetic tests, genetic services, or the manifestation of disease or disorder in the employee's family members.

**PLEASE PRINT CLEARLY OR TYPE. SIGN THE FORM ON THE LAST PAGE (PAGE 4).**

Health Care Provider's Name _____

Telephone _____  FAX  GENNADIY KVETNY, PHYSICIAN, P.C.     *718 - 894-3900 -fax*

Address  75-54 Metropolitan Avenue
Middle Village, New York 11379

City _____  State ____  Zip Code  718/894-4200  Country _____

Type of Practice /Medical Speciality:     *FP*

_Anthony CAMMARATA_

**FAMILY AND MEDICAL LEAVE ACT (FMLA)**
**CERTIFICATION OF HEALTH CARE PROVIDER FOR EMPLOYEE'S SERIOUS HEALTH CONDITION**

**PART A: MEDICAL FACTS**

Approximate date condition commenced _01/16_    Probable duration of condition _Chronic_

_Answer as applicable_

Was the patient admitted for an overnight stay in a hospital, hospice, or residential medical care facility?  ☐ Yes  ☑ No

If yes, dates of admission   From _____   To _____

Dates you treated the patient for a condition _9/13/16 ; 02/11/16_

Will the patient need to have treatment visits at least twice per year due to the condition?   ☑ Yes  ☐ No

Was medication, other than over-the-counter medication, prescribed?   ☑ Yes  ☐ No

Was the patient referred to other health care provider(s) for evaluation or treatment (e.g., physical therapist)?   ☐ Yes  ☑ No

If yes, state the nature of such treatments and expected duration of treatment:

Is the medical condition pregnancy?   ☐ Yes  ☑ No   If yes, expected date of delivery _____

*Use the information provided by the Employer in Section 1 to answer this question. If the employer fails to provide a list of the employee's essential functions or a job description, answer these questions based upon the employee's own description of his/her job.*

Is the employee unable to perform any of his/her job functions due to the condition?   ☑ Yes  ☐ No

If yes, identify the job functions the employee is unable to perform:

NONE during a flare-up

Describe other relevant medical facts, if any, related to the condition for which the employee seeks leave (such medical facts may include symptoms, diagnosis, or any regimen of continuing treatment, such as the use of specialized equipment):

Patient suffers of anxiety & depression & insomnia & panic attacks

*Anthony Cammarate*

## FAMILY AND MEDICAL LEAVE ACT (FMLA)
## CERTIFICATION OF HEALTH CARE PROVIDER FOR EMPLOYEE'S SERIOUS HEALTH CONDITION

**PART B: AMOUNT OF LEAVE NEEDED**

Will the employee be incapacitated for a single continuous period of time due to his/her medical condition, including any time for treatment and recovery?   ☒ Yes  ☐ No

If yes, estimate the beginning and end dates for the period of incapacity:   From _9/13/16_   To _12/01/16_

Will the employee need to attend follow-up treatment appointments or work part-time or on a reduced schedule because of the employee's medical condition?   ☒ Yes  ☐ No

If yes, are the treatments or the reduced number of hours of work medically necessary?   ☒ Yes  ☐ No

Estimate treatment schedule, if any including the dates of any scheduled appointments and the time required for each appointment, including any recovery period:

Estimate the part-time or reduced work schedule the employee needs, if any:   Hour(s) per day _____   Days per week _____

From _____   To _____

Will the condition cause episodic flare-ups periodically preventing the employee from performing his/her job functions?   ☒ Yes  ☐ No

Is it medically necessary for the employee to be absent from work during the flare-ups?   ☒ Yes  ☐ No

If yes, explain

*during Anxiety & panic Attacks patient is unable to work*

Based upon the patient's medical history and your knowledge of the medical condition, estimate the frequency of flare-ups and the duration of related incapacity that the patient may have over the next 6 months (e.g., episode every 3 months lasting 1-2 days):

**Frequency**   No. of times per week _____   No. of times per month _1 - 2_

**Duration**   No. of hours per episode _____   No. of day(s) per episode _1 - 3_

_Anthony   Cammarato_

**FAMILY AND MEDICAL LEAVE ACT (FMLA)**
**CERTIFICATION OF HEALTH CARE PROVIDER FOR EMPLOYEE'S SERIOUS HEALTH CONDITION**

**ADDITIONAL INFORMATION:**

IDENTIFY QUESTION NUMBER WITH YOUR ADDITIONAL ANSWER:

PRINT NAME OF HEALTH CARE PROVIDER

SIGNATURE OF HEALTH CARE PROVIDER

LICENSE # _208977_

DATE _9/14/00_

GENNADIY KVETNY, PHYSICIAN, P.C.
75-54 Metropolitan Avenue
Middle Village, New York 11379
718/894-4200

# EXHIBIT C

# Fw: FML Designation Notice - A. Cammarata

### Anthony Cammarata

Fri 11/18/2016 2:39 PM

To:Lidia Sanchez <Lidia.Sanchez@cuny.edu>;

Cc:civilrightslaw@aol.com <civilrightslaw@aol.com>; Frances Correa <Frances.Correa@cuny.edu>; Sujata Malhotra
   <Sujata.Malhotra@cuny.edu>;

---

**From:** Anthony Cammarata
**Sent:** Friday, November 18, 2016 2:39 PM
**To:** Lidia Sanchez
**Subject:** Re: FML Designation Notice - A. Cammarata

Hi Lidia,

I spoke to my Doctor and he has requested I obtain Disability paperwork. He wants to put me on
disability. He has also requested your policies regarding disability. Please let me know as soon as
possible as I am seeing him next week and would like to get the paperwork started. Thank you,

Anthony Cammarata

# EXHIBIT D

Fw: FML Designation Notice - A. Cammarata   Anthony Cammarata

# Fw: FML Designation Notice - A. Cammarata

### Anthony Cammarata

Fri 11/25/2016 12:36 PM

To:Lidia Sanchez <Lidia.Sanchez@cuny.edu>;

Cc:civilrightslaw@aol.com <civilrightslaw@aol.com>; Frances Correa <Frances.Correa@cuny.edu>; Sujata Malhotra
    <Sujata.Malhotra@cuny.edu>;

**Good afternoon Ms. Sanchez,**

**Last week I requested Disability paperwork from you. However, I did not receive a response from your
office. My doctor is recommending that I go on Disability. Please understand that it is pertinent that
my doctor receive this paperwork to fill out as soon as possible.  I am seeing him this coming
Monday, November 28th, 2016. Please let me know when the paperwork will be sent. Thank you.**

**Anthony Cammarata**

---

**From:** Anthony Cammarata
**Sent:** Friday, November 18, 2016 2:39 PM
**To:** Lidia Sanchez
**Subject:** Re: FML Designation Notice - A. Cammarata

Hi Lidia,

I spoke to my Doctor and he has requested I obtain Disability paperwork. He wants to put me on
disability. He has also requested your policies regarding disability. Please let me know as soon as
possible as I am seeing him next week and would like to get the paperwork started. Thank you,

Anthony Cammarata

---

**From:** Lidia Sanchez
**Sent:** Monday, October 3, 2016 3:47 PM
**To:** Anthony Cammarata
**Cc:** Carlos Flynn
**Subject:** FML Designation Notice - A. Cammarata

Hi Anthony,
Please find the attached Family Medical Leave Designation Notice approving your leave.


Feel free to contact me with any questions.
Thank you,

Lidia Sanchez

**CUNY | Central Office Human Resources**
205 East 42nd Street, 10th Floor
New York, NY 10017
Lidia.Sanchez@cuny.edu
Phone: (646) 664-3281
Fax: (646) 664-2962

# EXHIBIT E

## Lidia Sanchez

| | |
|---|---|
| **From:** | Lidia Sanchez |
| **Sent:** | Wednesday, November 30, 2016 4:29 PM |
| **To:** | Anthony Cammarata |
| **Cc:** | civilrightslaw@aol.com; Frances Correa; Sujata Malhotra |
| **Subject:** | RE: FML Designation Notice - A. Cammarata |

Hi Anthony,

Per our recent phone conversation, you will need to submit substantial medical documentation in order to extend your current leave. Unfortunately, you are not eligible for long term disability under your classification. You will need to contact your union in regards to short term disability. It is our understanding that short term disability is for staff who are on leave and in unpaid status.

Feel free to contact me with any questions.
Thank you,

Lidia Sanchez
**CUNY | Central Office Human Resources**
205 East 42nd Street, 10th Floor
New York, NY 10017
Lidia.Sanchez@cuny.edu
Phone: (646) 664-3281
Fax: (646) 664-2962

**From:** Anthony Cammarata
**Sent:** Friday, November 25, 2016 12:36 PM
**To:** Lidia Sanchez <Lidia.Sanchez@cuny.edu>
**Cc:** civilrightslaw@aol.com; Frances Correa <Frances.Correa@cuny.edu>; Sujata Malhotra <Sujata.Malhotra@cuny.edu>
**Subject:** Fw: FML Designation Notice - A. Cammarata

Good afternoon Ms. Sanchez,

Last week I requested Disability paperwork from you. However, I did not receive a response from your office. My doctor is recommending that I go on Disability. Please understand that it is pertinent that my doctor receive this paperwork to fill out as soon as possible. I am seeing him this coming Monday, November 28th, 2016. Please let me know when the paperwork will be sent. Thank you.

Anthony Cammarata

**From:** Anthony Cammarata
**Sent:** Friday, November 18, 2016 2:39 PM
**To:** Lidia Sanchez
**Subject:** Re: FML Designation Notice - A. Cammarata

Hi Lidia,

1

I spoke to my Doctor and he has requested I obtain Disability paperwork. He wants to put me on disability. He has also requested your policies regarding disability. Please let me know as soon as possible as I am seeing him next week and would like to get the paperwork started. Thank you,

Anthony Cammarata

---

**From:** Lidia Sanchez
**Sent:** Monday, October 3, 2016 3:47 PM
**To:** Anthony Cammarata
**Cc:** Carlos Flynn
**Subject:** FML Designation Notice - A. Cammarata

Hi Anthony,
Please find the attached Family Medical Leave Designation Notice approving your leave.


Feel free to contact me with any questions.
Thank you,

Lidia Sanchez
**CUNY | Central Office Human Resources**
205 East 42nd Street, 10th Floor
New York, NY 10017
Lidia.Sanchez@cuny.edu
Phone: (646) 664-3281
Fax: (646) 664-2962

2

# EXHIBIT F

## Lidia Sanchez

| | |
|---|---|
| **From:** | Anthony Cammarata |
| **Sent:** | Friday, December 02, 2016 12:47 PM |
| **To:** | Lidia Sanchez |
| **Cc:** | Arlena Yuen; Ming Ho Chan |
| **Subject:** | Re: FML extension – Anthony Cammarata |
| **Attachments:** | FMLA_20161202.pdf |

Hi Ms. Sanchez,

Attached is the FMLA Forms as requested. Thank you.


Anthony Cammarata

**From:** Ming Ho Chan
**Sent:** Monday, November 28, 2016 1:46 PM
**To:** Anthony Cammarata
**Cc:** Lidia Sanchez; Arlena Yuen
**Subject:** FML extension – Anthony Cammarata

Dear Anthony,

Please follow link to:
- FMLA request form
  http://www2.cuny.edu/wp-content/uploads/sites/4/page-assets/about/administration/offices/hr/benefits/FMLA-RequestForm-3-9-16.pdf
- Certification of HCP for Employee's serious health condition
  http://www2.cuny.edu/wp-content/uploads/sites/4/page-assets/about/administration/offices/hr/benefits/FMLA-HCP-Employee-Form-3-9-16.pdf

I also attached the DC 37 Disability Claim Form.

Thank you,

Ming Ho Chan (Mr.)
Mingho.chan@cuny.edu
205 East 42nd St, 10th Floor
New York, NY 10017
Phone: (646)664-3313
Fax: (646)664-3923

 The City University of New York

**Please use *Reply/Reply All* to ensure swift transactions.**

1

**CU NY** The City University of New York

**FAMILY AND MEDICAL LEAVE ACT (FMLA) - REQUEST FORM**

<u>**FMLA FORM 1**</u>

College | *Contral Office*

---

**Eligible employees are entitled to up to 12 weeks of unpaid job-protected leave for certain family and medical reasons.**
If you wish to request FMLA leave, <u>this form must be submitted as early as practicable, preferably no fewer than 30 days in advance of the start of your leave.</u>  CUNY reserves the right to deny or postpone leave for failure to give appropriate notice.

**Employee Information:**

| | | | |
|---|---|---|---|
| Name | *Anthony Cammarata* | Empl. ID | |
| Contract Title | *I.T. Asst.* | Department | *Invest In CUNY* |
| Supervisor Name | *Carlos Flynn* | Phone | *6466473271* Email *anthony.cammarata@cuny.edu* |
| Contact Information while on leave | Home Phone *5164069917* | Cell Phone | Email |

**Reason for requesting leave** *(Check appropriate box)*

☑ My own serious health condition *(Attach Certification of Healthcare Provider)*

☐ Birth of my child; to care for my newborn child     Date of birth *3/14/74*     [Attach appropriate documents]

☐ Placement of child with me for adoption or foster care     Date of placement

☐ To care for my family member with serious health condition     *(Attach Certification of Healthcare Provider & Certification  of Family Relationship Form)*

☐ To care for a seriously injured or ill servicemember or veteran related to employee   *(Attach Certification of Healthcare Provider & Certification of Family Relationship Form)*

☐ Family member is on or has been called to active duty in the military *(Attach Certification of Qualifying Exigency & Certification of Family Relationship Form)*

**Period of Leave**

☑ I request CONTINUOUS FMLA LEAVE, starting     Date *12/2/16*     and ending   Date *2/1/17*

☐ I request INTERMITTENT FMLA LEAVE, starting     Date

☐ I request REDUCED WORK SCHEDULE FMLA LEAVE, starting     Date     and ending   Date

Number of hours/week |     [Anticipated schedule of absence must be discussed with supervisor. For Intermittent or Reduced Work Schedule, appropriate documents must be attached.]

---

**EMPLOYEE STATEMENT OF UNDERSTANDING**

I am aware of and understand the following:
1. If the leave is for my own serious health condition or to care for a family member with a serious health condition, I must return a completed medical certification form to the Office of Human Resources within 15 days of the College's request, or as soon as practicable.  Failure to do so may result in my leave being delayed until I provide this documentation; if the certification is not clear, the College can contact the Healthcare Provider for clarification.
2. Following a leave for my own serious illness, I may be required to present a fitness for duty certification to the Office of Human Resources.
3. My health benefits will continue during my leave and I am expected to continue to pay my share of health insurance premiums, if any.
4. If, under current University leave policies, I am eligible to lengthen this leave or request other leave benefits, I will submit the appropriate documents to the Office of Human Resources, prior to the conclusion of my FMLA leave.
5. If I fail to return to work upon the conclusion of this approved leave, I may be subject to disciplinary proceedings or other action in accordance with CUNY policies and applicable collective bargaining agreements.

Signature  *Anthony Cammarata*     Date  *12/2/16*

**RECEIVED BY  (This form must be signed by the Director of Human Resources or Designee)**

| | | |
|---|---|---|
| Name | | Signature |
| Date | | |

OHRM - FMLA REQUEST FORM - 2015

*Anthony L'AMMARTA*



The City
University
of
New York

**FMLA FORM- 3 A**

**FAMILY AND MEDICAL LEAVE ACT (FMLA)**
**CERTIFICATION OF HEALTH CARE PROVIDER FOR EMPLOYEE'S SERIOUS HEALTH CONDITION**

**Section 1: TO BE COMPLETED BY EMPLOYER**

Employer College/Unit |                    | Address

City |            | State |      | Zip Code |        | Tel: |            | FAX |

Name of Employee |              | Empl. ID |      | Department

Contract Title |              | ☐ *Job description attached* | Regular Work Schedule

Essential Job Functions
*(if job description is not attached)*

**Section II: INSTRUCTIONS TO EMPLOYEE**

FMLA permits CUNY to require that you submit a timely, complete, and sufficient medical certification to support a request for FMLA leave due to your own serious health condition. If requested by CUNY, your response is required to obtain or retain the benefit of FMLA protections. Failure to provide a complete and sufficient medical certification may result in denial of your FMLA request.

*hysician*

**CUNY gives you at least 15 calendar days to return this form.**

☞ **This form must be returned by** |

**Section III: INSTRUCTIONS TO HEALTH CARE PROVIDER**

The employee listed above has requested leave under the FMLA. Answer fully and completely all applicable parts.
- Several questions seek a response as to the frequency or duration of a condition, treatment, etc. Your answer should be your best estimate based upon your medical knowledge, experience, and examination of the patient.
- Be as specific as you can; terms such as "lifetime", "unknown", or "indeterminate" may not be sufficient to determine FMLA coverage.
- Limit your responses to the condition for which the employee is seeking care.
- Do not provide information about genetic tests, genetic services, or the manifestation of disease or disorder in the employee's family members.

**PLEASE PRINT CLEARLY OR TYPE. SIGN THE FORM ON THE LAST PAGE (PAGE 4).**

Health Care Provider's Name

Telephone |              | FAX | GENNADIY KVETNY, PHYSICIAN, PC.   *71l - 894-3900 -fax.*
Address |              | 75-54 Metropolitan Avenue
Middle Village, New York 11379
City |              | State | | 718/894-4200 | Zip Code |      | Country

**Type of Practice /Medical Speciality:**   *FP*

CAMMARATA, Anthony

**FAMILY AND MEDICAL LEAVE ACT (FMLA)**
**CERTIFICATION OF HEALTH CARE PROVIDER FOR EMPLOYEE'S SERIOUS HEALTH CONDITION**

**PART A: MEDICAL FACTS**

Approximate date condition commenced ___01/16___   Probable duration of condition _Chronic_

**Answer as applicable**

Was the patient admitted for an overnight stay in a hospital, hospice, or residential medical care facility? ☐ Yes ☑ No

If yes, dates of admission   From _____   To _____

Dates you treated the patient for a condition ___9/15/16; 02/11/16; 11/28/16 ; 9/27/16 ; 11/07/16___

Will the patient need to have treatment visits at least twice per year due to the condition? ☑ Yes ☐ No

Was medication, other than over-the-counter medication, prescribed? ☑ Yes ☐ No

Was the patient referred to other health care provider(s) for evaluation or treatment (e.g., physical therapist)? ☑ Yes ☐ No

If yes, state the nature of such treatments and expected duration of treatment:

Psychiatrist

Is the medical condition pregnancy? ☐ Yes ☑ No If yes, expected date of delivery _____

*Use the information provided by the Employer in Section 1 to answer this question. If the employer fails to provide a list of the employee's essential functions or a job description, answer these questions based upon the employee's own description of his/her job.*

Is the employee unable to perform any of his/her job functions due to the condition? ☑ Yes ☐ No

If yes, identify the job functions the employee is unable to perform:

during panic attk

Describe other relevant medical facts, if any, related to the condition for which the employee seeks leave (such medical facts may include symptoms, diagnosis, or any regimen of continuing treatment, such as the use of specialized equipment):

Anxiety
- depression
- panic attacks

CAMMARATO, Anthony

**3ENNADIY KVETNY, PHYSICIAN, P.C.**
75-5~~... Metropolitan Avenue~~
~~Middle Village, New York 11379~~
~~718/884-4200~~

**FAMILY AND MEDICAL LEAVE ACT (FMLA)**
**CERTIFICATION OF HEALTH CARE PROVIDER FOR EMPLOYEE'S SERIOUS HEALTH CONDITION**

**PART B: AMOUNT OF LEAVE NEEDED**

Will the employee be incapacitated for a single continuous period of time due to his/her medical condition, including any time for treatment and recovery?                  ☑ Yes  ☐ No

If yes, estimate the beginning and end dates for the period of incapacity:     From  9/13/16     To  02/01/17 B.K

Will the employee need to attend follow-up treatment appointments or work part-time or on a reduced schedule because of the employee's medical condition?                  ☑ Yes  ☐ No

If yes, are the treatments or the reduced number of hours of work medically necessary?     ☑ Yes  ☐ No

Estimate treatment schedule, if any including the dates of any scheduled appointments and the time required for each appointment, including any recovery period:

Estimate the part-time or reduced work schedule the employee needs, if any:

| | |
|---|---|
| Hour(s) per day | Days per week |
| From | To |

Will the condition cause episodic flare-ups periodically preventing the employee from performing his/her job functions?     ☑ Yes  ☐ No

Is it medically necessary for the employee to be absent from work during the flare-ups?     ☑ Yes  ☐ No

If yes, explain

during home at7

Based upon the patient's medical history and your knowledge of the medical condition, estimate the frequency of flare-ups and the duration of related incapacity that the patient may have over the next 6 months (e.g., episode every 3 months lasting 1-2 days):

**Frequency**   No. of times per week _____     No. of times per month  1 - 3

**Duration**   No. of hours per episode _____     No. of day(s) per episode  1 - 7

CAMMARAD, Aubrey

**FAMILY AND MEDICAL LEAVE ACT (FMLA)**
**CERTIFICATION OF HEALTH CARE PROVIDER FOR EMPLOYEE'S SERIOUS HEALTH CONDITION**

**ADDITIONAL INFORMATION:**

IDENTIFY QUESTION NUMBER WITH YOUR ADDITIONAL ANSWER:

GENNADIY KVETNY, PHYSICIAN, P.C.
75-54 Metropolitan Avenue
Middle Village, New York 11379
718/894-4200

**PRINT NAME OF HEALTH CARE PROVIDER**

**SIGNATURE OF HEALTH CARE PROVIDER**

**LICENSE #** 208977

**DATE** 11/34/10

# EXHIBIT G

 **The City University of New York**

Office of Human Resources Management
Central Office Human Resources
205 E. 42nd Street, 10th Floor
New York, NY 10017
Tel: 646-664-3300
Fax: 646-664-2982

December 12, 2016

**E-MAIL AND
REGULAR MAIL**

Anthony Cammarata
7829 81st Street
Glendale, NY 11385-7632

Dear Mr. Cammarata:

This is a follow up to your request for a medical leave of absence dated December 2, 2016. Please note the medical certification submitted is both incomplete and insufficient.

The medical certification is incomplete for the following reasons:

- The job duties you are unable to perform are not listed in Part A.
- There is no estimated treatment schedule listed in Part B.

The medical certification is also insufficient, as the answers to the questions asked are vague, ambiguous or non-responsive. In particular:

- It is unclear why is it medically necessary for you to be absent from work during flare-ups (Part B).
- Based on the reported frequency of flare-ups indicated in Part B, it is unclear why intermittent leave is not requested instead of continuous leave.

Have your physician provide the requested information by **Tuesday, December 27, 2016.** Please be reminded you have exhausted your 12 week Family Medical Leave (FML) entitlement as of November 28, 2016. Therefore, it is at the University's discretion to grant your request for medical leave. If you fail to provide my office with the requested information by the appointed deadline, you will be considered absent without authorized leave and appropriate action may be taken.

Sincerely,

Sonia S. Pearson
Director of Human Resources



# EXHIBIT H

**GENNADIY KVETNY, PHYSICIAN, P.C.**
*Family Practice*
75-54 METROPOLITAN AVENUE
MIDDLE VILLAGE, NY 11379
TEL: (718) 326-0101 • (718) 894-4200 • FAX: (718) 894-3900

December 19, 2016

Re: Anthony Cammarata

D.O.B: 03/16/1974

To Whom It May Concern:

 Mr. Anthony Cammarata is a patient of mine who suffers from anxiety and depression.  He is currently taking medication for it.  He suffers daily from panic attacks, therefore, he is continuously disabled. He is schedule to see his psychiatrist in January 2017.

If there are any further questions, please feel free to give me a call at 718 894 4200.

Sincerely,

Gennadiy Kvetny

GENNADIY KVETNY, PHYSICIAN, P.C.
75-54 Metropolitan Avenue
Middle Village, New York 11379
718/894-4200

# EXHIBIT I


The City
University
of
New York

**Office of Human Resources Management**
Central Office Human Resources
205 E. 42nd Street, 10th Floor
New York, NY 10017
Tel: 646-664-3300
Fax: 646-664-2962

January 19, 2017

E-MAIL AND
REGULAR MAIL

Anthony Cammarata
7829 81st Street
Glendale, NY 11385-7632

Dear Mr. Cammarata:

This is a follow up to my letter dated December 12, 2016, in which additional information was requested for your December 2, 2016 request for a medical leave of absence. As I noted in my previous letter, information was needed to clarify your request, as it was both incomplete and insufficient. I am in receipt of Dr. Kvetny's letter dated December 19, 2016, but it does not provide the information requested in my December 12, 2016 letter.

You have failed to provide sufficient medical documentation to support your request for medical leave. Since you have failed to provide my office with the requested information by the previously appointed deadline, you are considered absent without authorized leave and appropriate action may be taken if you do not return to duty by **Monday, January 30, 2017.**

Feel free to contact me if you have any questions.

Sincerely,

Sonia S. Pearson
Director of Human Resources

# EXHIBIT J

**From:** twolibrarians <twolibrarians@aim.com>
**To:** Sonia.Pearson <Sonia.Pearson@mail.cuny.edu>
**Cc:** rajaye <rajaye@gmail.com>
**Bcc:** civilrightslaw <civilrightslaw@aim.com>
**Subject:** Dr. Kvetny Letter for Anthony Cammarata
**Date:** Mon, Jan 30, 2017 10:16 pm
**Attachments:** DR. KVETNY LETTER FOR ANTHONY CAMMARATA 01:30:2017.pdf (2536K)

Dear Ms. Pearson,

Attached is a letter from Dr. Kvetny which which explains my disabling condition which is continuous. I am deeply depresed and and not in a good state of mind. I am suffering emotionallly and physically with constant anxiety. In a word, I am not well and do not feel like myself anymore. To much has happened in my life, including the the recent events of the past 2 years being subjected to threats and instilled fear from CUNY. All of this took its toll on me and I suffered nervous breakdown. The mind and body can only take so much and mine is broken. I cannot function as a I once did. I am seeking help an d am on continuous medication.

Anthony Cammarata

**GENNADIY KVETNY, PHYSICIAN, P.C.**
*Family Practice*
75-54 METROPOLITAN AVENUE
MIDDLE VILLAGE, NY 11379
TEL: (718) 326-0101 • (718) 894-4200 • FAX: (718) 894-3900

January30th, 2017

Re: Anthony Cammarata

D.O.B: 03/16/1974

To Whom It May Concern:

Mr. Anthony Cammarata is a patient of mine who suffers from anxiety and depression. He is currently taking medication for his condition. He suffers daily from panic attacks with chest tightness and occasional diarrhea; therefore, he is continuously disabled and is unable to perform all job duties at this time. His treatment is ongoing and his condition is continuous.

If there are any further questions, please feel free to give me a call at 718 894 4200.

Sincerely,

GENNADIY KVETNY, PHYSICIAN, P.C.
75-54 Metropolitan Avenue
Middle Village, New York 11379

Gennadiy Kvetny

# EXHIBIT K

 The City
University
of
New York

**Office of Human Resources Management**
Central Office Human Resources
205 E. 42nd Street, 10th Floor
New York, NY 10017
Tel: 646-664-3300
Fax: 646-664-2992

February 3, 2017

**E-MAIL AND
REGULAR MAIL**

Anthony Cammarata
7829 81st Street
Glendale, NY 11385-7632

Dear Mr. Cammarata:

I am in receipt of Dr. Kvetny's letter dated January 30, 2017, which you e-mailed to me on the same date.  Please be advised that this letter does not provide the information requested in my December 12, 2016 letter requesting complete and sufficient information to substantiate your request for extended medical leave.

I am enclosing with this letter a Non-FML Medical Leave Request Form, since you have already exhausted your 12 week Family Medical Leave (FML) entitlement. Your health care provider must provide sufficient and specific medical information on this form to support your request for medical leave.  If you fail to provide my office with the requested information by **February 17, 2017**, you will continue to be considered absent without authorized leave.

Sincerely,

Sonia S. Pearson
Director of Human Resources

Enclosure

CASE NO. 10188244 3-23-17:  0061

# EXHIBIT L

# RE: CUNY has missed placed a pay check

### Sonia Pearson

Thu 4/17/2014 5:27 PM

To:'Robert Ajaye (Local 2627 President) (212)815-1932' <rajaye@gmail.com>; Anthony Cammarata <Anthony.Cammarata@cuny.edu>;

Cc:Carmelo Batista <Carmelo.Batista@cuny.edu>;

Hi Robert,
I'm working on an advance for Mr. Cammarata. I don't believe you have all the facts regarding the FML request.

**From:** Robert Ajaye (Local 2627 President) (212)815-1932 [mailto:rajaye@gmail.com]
**Sent:** Thursday, April 17, 2014 3:30 PM
**To:** Sonia Pearson; Anthony Cammarata
**Cc:** Carmelo Batista
**Subject:** CUNY has missed placed a pay check

Greetings Ms. Pearson,
    Anthony Cammarata returned from doctored ordered sick leave due to the flu. He returned to work and was ordered to go back home by his supervisor Carlos Flynn. Mr. Cammarata has now returned back to work. His doctor cleared him. Mr. Cammarata has at least 50 days of sick leave on the books. Mr Cammarata is being ask to file for FMLA? These were not intermittent sick days.

    Also once again Mr. Cammarata's pay check has been misplaced. And i'm been told that there is no immediate action to resolve this. Can we discuss these two issues? I'm forwarding Mr. Cammarata's email to me to you following this email. Thanks.

# FW: CUNY has missed placed a pay check

## Anthony Cammarata

Fri 4/18/2014 9:33 AM

To:rajaye@gmail.com <rajaye@gmail.com>;

Hello again Mr. Ajaye,

I don't understand what Ms. Pearson meant by not having all the facts regarding FML. Again FML is only to be used if I have exhausted all of my allowable leave. I have not done so. Furthermore, I do not have a serious illness to which I cannot return to work. It seems that Mr. Flynn has portrayed my being sick for 10 days as something more severe than it is. I had a doctor's note allowing me to return to work on  Monday, April 14th. I was ordered to go home because Mr. Flynn felt I was too ill. I told him I may, may have had a fever. I went home and called my doctor. My doctor told me if I had a fever to rest up and see how I felt in a day or so. So, I stayed home Tuesday and Wednesday because I wanted to make sure I could return without being ordered to return home again. So I returned on Thursday,  April 17th and felt fine. When Mr. Flynn arrived to the office, he once againsaid I shouldnt have come back. I told him I felt fine. He said that I should go home early. I said I would stay. He was not too thrilled with that, yet he asked me to process a few invoices. So apparently, according to him, I was well enough to stay long enough to process invoices. Anyway, I stayed until 4:30. I did not tak a lunch hour. But that is a separate issue. In an case, I am being forced to stay home today and cannot return until I meet CUNY's demands. This will be my last email until I hear from you. I will file a complaint withh EEOC if this isn't resolved. CUNY is contradicting their own policy. Thank you,

Anthony Cammarata

From: Sonia Pearson
Sent: Thursday, April 17, 2014 5:27 PM
To: 'Robert Ajaye (Local 2627 President) (212)815-1932'; Anthony Cammarata
Cc: Carmelo Batista
Subject: RE: CUNY has missed placed a pay check

Hi Robert,
I'm working on an advance for Mr. Cammarata.  I don't believe you have all the facts regarding the FML request.

From: Robert Ajaye (Local 2627 President) (212)815-1932 [mailto:rajaye@gmail.com]
Sent: Thursday, April 17, 2014 3:30 PM
To: Sonia Pearson; Anthony Cammarata
Cc: Carmelo Batista
Subject: CUNY has missed placed a pay check

Greetings Ms. Pearson,
    Anthony Cammarata returned from doctored ordered sick leave due to the flu.  He returned to work and was ordered to go back home by his supervisor Carlos Flynn.  Mr. Cammarata has now returned back to work.  His doctor cleared him.  Mr. Cammarata has at least 50 days of sick leave on the books.  Mr Cammarata is being ask to file for FMLA?  These were not intermittent sick days.
    Also once again Mr. Cammarata's pay check has been misplaced. And i'm been told that there is no immediate action to resolve this.  Can we discuss these two issues? I'm forwarding Mr. Cammarata's email to me to you following this email. Thanks.

# FW: Anthony Cammarata

## Anthony Cammarata

Fri 4/18/2014 10:11 AM

To: fish@davidmfish.com <fish@davidmfish.com>;

Hi Mr. Fish,

This is the initial email I sent to my union Rep. Robert Ajaye. Please look it over as you will see I have italicized the section of where it speaks of the requirements for FMLA. At the bottom, I have the link to the policy. My doctor will not fill this out because I do not have a serious condition. I had the flu and my appearence is worst than what I feel. Anyway please let me know what you think I should do. Thank you.

Anthony Cammarata

_____

From: Anthony Cammarata
Sent: Thursday, April 17, 2014 2:42 PM
To: 'rajaye@gmail.com'
Subject: Anthony Cammarata

Just for your information, on April 3, 2014, I sent an email to my Supervisor, Carlos Flynn, indicating I did not feel well, I had flu like symptoms. I stayed home the April 4th and the following 5 days April 7 through April 11. I saw my doctor that week and he gave me a certificate to return to work on April 13. Upon returning on April 13th , I received a call from Mr. Flynn. He asked me how I was feeling. I told him I still felt sick and may have had a bit of a fever. He ordered, not suggested, to go home and to call my doctor. So I went home only after about an hour of work. I called my doctor, he prescribed a stronger Antibiotic and said to rest a few more days. So I did. I called HR yesterday on another matter regarding my paycheck and spoke to Arlena Yuen, who informed me that Mr. Flynn had spoken to her about my being out since April 4th and she told me that if I was out for more than 5 days, my doctor had to fill out a FMLA so my job would not be in jeopardy.  Just for the record the FMLA clearly states that "Under the CUNY FMLA policy, an employee's leave of absence may be either paid or unpaid. However, before unpaid FMLA leave may be authorized, the employee will be required to exhaust any appropriate accrued paid leave". Furthermore, I have not exhausted my sick leave. I have roughly 50 days. I also have a doctor's note which maybe null now because I stayed home again for the past 3 days. I am back again now, and yet again, I am being asked to go home. Mr. Flynn spoke to Ms. Sonia Pearson, Head of CUNY HR, and she told him, yes, I have to have my doctor fill out an FMLA form. I don't understand this. I returned to work with a note stating I had no limitations, nor that I had a severe illness. Regardless of how I may look, I feel that I can work. It seems to me that perhaps they rather my take FMLA so they do not have to pay me, which goes against their own policy. I am attaching said policy below along with the phone numbers for MS. Pearson and Ms. Yuen from HR. Please look into this. I will get another note if necessary, but unless I am forced to have my doctor fill out forms that really don't apply to my current circumstances, I will not have him fill them out.

Also, this is the second time they have misplaced my paycheck. I have bills to pay and other responsibilities. Please inquire about this as well. I know the state cut me a paper check. I was supposed to receive it yesterday after 3pm. I was told HR could not locate it. I was also told I would have to put a stop payment on this check and wait another 10 days to be issued a replacement. I cannot go through that. I will file a lawsuit if I have to go through this.

arlena.yuen@cuny.edu 1:17 PM
FML Policy:

Lost Paycheck for Anthony Cammarata — Anthony Cammarata

# Lost Paycheck for Anthony Cammarata

### Anthony Cammarata

Mon 4/21/2014 12:30 PM

To:Sonia Pearson <Sonia.Pearson@cuny.edu>;

Cc:rajaye@gmail.com <rajaye@gmail.com>; Shakira Smith <Shakira.Smith@cuny.edu>;

Bcc:civilrightslaw@aol.com <civilrightslaw@aol.com>;

Dear Ms. Pearson,

I have a responsibility to my family and the instance that my check was lost by The University, has put me in a state of panic. I do not have the funds to pay my bill this month or help my father with his medical bills because of this slip up on the part of the University. Again, I would hope to at least receive a cordial response from you at least by the end of business day, today and hope that the necessary steps are being taken to re-issue me a new check as soon as possible. I will take other measures if necessary. Thank you.

Anthony Cammarata
IT Assistant
Invest In CUNY Campaign Office
(212) 417-6371

**From:** Anthony Cammarata
**Sent:** Monday, April 21, 2014 11:08 AM
**To:** Sonia Pearson
**Cc:** Arlena Yuen; 'rajaye@gmail.com'; Carlos Flynn
**Subject:** RE: Doctor's Certificate of Clearance for Anthony Cammarata

Dear Ms. Pearson,

And what of my paycheck. As I mentioned in an earlier email. I am not going to submit a check from my checking account to the University. The University lost my check and therefore is responsible for putting a stop payment and having the state re-issue me a new one. I expect to have a re-issued paycheck by April 25, 2014. Thank you.

Anthony Cammarata
IT Assistant
Invest In CUNY Campaign Office
(212) 417-6371

**From:** Sonia Pearson

**Sent:** Monday, April 21, 2014 10:58 AM
**To:** Anthony Cammarata
**Cc:** Arlena Yuen; 'rajaye@gmail.com'; Carlos Flynn
**Subject:** RE: Doctor's Certificate of Clearance for Anthony Cammarata

Dear Mr. Cammarata,
We need you and your physician to complete the entire Family Medical Leave forms and return them to me by Friday,
April 25, 2014.

**From:** Anthony Cammarata
**Sent:** Monday, April 21, 2014 9:43 AM
**To:** Sonia Pearson
**Cc:** Arlena Yuen; rajaye@gmail.com; Carlos Flynn
**Subject:** Doctor's Certificate of Clearance for Anthony Cammarata

Dear Ms. Pearson,

As agreed upon with you and Mr. Ajaye, I am submitting the Doctor's Certificate giving me clearance to return to
work. Once again, Mr. Ajaye had mentioned that this would be sufficient enough for my return and that an FMLA was
not necessary. However, I would like this to be re-confirmed in writing so there is no confusion to the facts. Thank you.

Anthony Cammarata
IT Assistant
Invest In CUNY Campaign Office
(212) 417-6371

# RE: Lost Paycheck for Anthony Cammarata

### Sonia Pearson

Mon 4/21/2014 1:23 PM

To:Anthony Cammarata <Anthony.Cammarata@cuny.edu>;

Cc:rajaye@gmail.com <rajaye@gmail.com>; Shakira Smith <Shakira.Smith@cuny.edu>; Carlos Flynn <Carlos.Flynn@cuny.edu>;

Dear Mr. Cammarata,
I am providing the following information from the University Controller's Office regarding advance payments.
"The borrower must provide a check dated the day the advance is picked up for future repayment.  Treasury Services will cash the check on the following payday. "

**From:** Anthony Cammarata
**Sent:** Monday, April 21, 2014 1:11 PM
**To:** Sonia Pearson
**Cc:** rajaye@gmail.com; Shakira Smith
**Subject:** RE: Lost Paycheck for Anthony Cammarata

Dear Ms. Pearson,

I understand, however, since this was not my fault, I would expect the University to put a little expediency on the matter. As mentioned earlier, I do not have the funds in my checking account to cover any advance. Nor would I ever have to if the University did not lose my paycheck. I would think that an extra effort would be made given the urgency of the matter. I have no money to pay my bills or take care of my Father's expenses. You have put me in a very vulnerable position. Perhaps I should take this up with the Chancellor and see what he says and make mention that this fiasco has caused me a lot of anguish and distress and has put me in a very insecure state. It shouldn't have never happened and the way I am being treated is totally inappropriate given the nature of what has happened.

Anthony Cammarata
IT Assistant
Invest In CUNY Campaign Office
(212) 417-6371

**From:** Sonia Pearson
**Sent:** Monday, April 21, 2014 12:49 PM
**To:** Anthony Cammarata
**Cc:** 'rajaye@gmail.com'; Shakira Smith; Carlos Flynn
**Subject:** RE: Lost Paycheck for Anthony Cammarata

Dear Mr. Cammarata,
The State Treasury Department will issue a new check within 2 weeks.  As a courtesy,

we can process an advance for you through the University Budget Office. The advance would be ready on Wednesday and requires your signature on the attached payment agreement/promissory note along with a personal check written for the same amount as the advance. Please let me know how you want to proceed.

**From:** Anthony Cammarata
**Sent:** Monday, April 21, 2014 12:30 PM
**To:** Sonia Pearson
**Cc:** rajaye@gmail.com; Shakira Smith
**Subject:** Lost Paycheck for Anthony Cammarata

Dear Ms. Pearson,

I have a responsibility to my family and the instance that my check was lost by The University, has put me in a state of panic. I do not have the funds to pay my bill this month or help my father with his medical bills because of this slip up on the part of the University. Again, I would hope to at least receive a cordial response from you at least by the end of business day, today and hope that the necessary steps are being taken to re-issue me a new check as soon as possible. I will take other measures if necessary. Thank you.

Anthony Cammarata
IT Assistant
Invest In CUNY Campaign Office
(212) 417-6371

**From:** Anthony Cammarata
**Sent:** Monday, April 21, 2014 11:08 AM
**To:** Sonia Pearson
**Cc:** Arlena Yuen; 'rajaye@gmail.com'; Carlos Flynn
**Subject:** RE: Doctor's Certificate of Clearance for Anthony Cammarata

Dear Ms. Pearson,

And what of my paycheck. As I mentioned in an earlier email. I am not going to submit a check from my checking account to the University. The University lost my check and therefore is responsible for putting a stop payment and having the state re-issue me a new one. I expect to have a re-issued paycheck by April 25, 2014. Thank you.

Anthony Cammarata
IT Assistant
Invest In CUNY Campaign Office
(212) 417-6371

**From:** Sonia Pearson
**Sent:** Monday, April 21, 2014 10:58 AM
**To:** Anthony Cammarata

# Completed FMLA and Clearance Certificate for Anthony Cammarata

### Anthony Cammarata

Wed 4/23/2014 1:10 PM

To:Sonia Pearson <Sonia.Pearson@cuny.edu>;

Cc:Arlena Yuen <Arlena.Yuen@cuny.edu>; rajaye@gmail.com <rajaye@gmail.com>; civilrightslaw@aol.com <civilrightslaw@aol.com>;

📎 2 attachments

FMLA COMPLETED 04-22-2014.pdf; Doctor's Certificate of Clearance for Anthony Cammarata.pdf;

Dear Ms. Pearson,

Please see the attached FMLA and Clearance Certificate. Thank you.

Anthony Cammarata
IT Assistant
Invest In CUNY Campaign Office
(212) 417-6371

# RE: Completed FMLA and Clearance Certificate for Anthony Cammarata

### Anthony Cammarata

Thu 4/24/2014 9:32 AM

To:Arlena Yuen <Arlena.Yuen@cuny.edu>;

Cc:rajaye@gmail.com <rajaye@gmail.com>; civilrightslaw@aol.com <civilrightslaw@aol.com>; Sonia Pearson
   <Sonia.Pearson@cuny.edu>;

Good Morning Arlena,

I read the notice. Why do you have checked off that I did not enclose Sufficient certification to support the
request for FMLA Leave? Please explain in writing as soon as possible. Thank you.

Anthony Cammarata
IT Assistant
Invest In CUNY Campaign Office
(212) 417-6371

**From:** Arlena Yuen
**Sent:** Wednesday, April 23, 2014 6:16 PM
**To:** Anthony Cammarata
**Cc:** rajaye@gmail.com; civilrightslaw@aol.com; Sonia Pearson
**Subject:** RE: Completed FMLA and Clearance Certificate for Anthony Cammarata

Hi Anthony,
Find attached your Notice of Eligibility under FML.

Arlena Yuen, PHR
CUNY | **Central Office Human Resources**
395 Hudson Street, 6th Fl.
New York, NY 10014
arlena.yuen@cuny.edu
Phone: (212) 541-0946

**From:** Anthony Cammarata
**Sent:** Wednesday, April 23, 2014 1:10 PM
**To:** Sonia Pearson
**Cc:** Arlena Yuen; rajaye@gmail.com; civilrightslaw@aol.com
**Subject:** Completed FMLA and Clearance Certificate for Anthony Cammarata

Dear Ms. Pearson,

Please see the attached FMLA and Clearance Certificate. Thank you.

Anthony Cammarata
IT Assistant
Invest In CUNY Campaign Office
(212) 417-6371

# RE: Completed FMLA and Clearance Certificate for Anthony Cammarata

### Anthony Cammarata

Thu 4/24/2014 11:03 AM

To:Arlena Yuen <Arlena.Yuen@cuny.edu>;

Cc:Sonia Pearson <Sonia.Pearson@cuny.edu>; rajaye@gmail.com <rajaye@gmail.com>; civilrightslaw@aol.com
<civilrightslaw@aol.com>;


Thank you and please remember to send the Designation Notice.


Anthony Cammarata
IT Assistant
Invest In CUNY Campaign Office
(212) 417-6371



**From:** Arlena Yuen
**Sent:** Thursday, April 24, 2014 10:56 AM
**To:** Anthony Cammarata
**Cc:** Sonia Pearson; rajaye@gmail.com; civilrightslaw@aol.com
**Subject:** RE: Completed FMLA and Clearance Certificate for Anthony Cammarata

Dear Anthony,
I apologize for the confusion.  See attached an updated Notice of Eligibility.
No additional documentation or information is required to support your leave.  You will receive a Designation Notice
approving your leave shortly.

Arlena Yuen, PHR
CUNY | **Central Office Human Resources**
395 Hudson Street, 6th Fl.
New York, NY 10014
arlena.yuen@cuny.edu
Phone: (212) 541-0946


**From:** Anthony Cammarata
**Sent:** Thursday, April 24, 2014 9:40 AM
**To:** Arlena Yuen
**Cc:** Sonia Pearson; rajaye@gmail.com; civilrightslaw@aol.com
**Subject:** FW: Completed FMLA and Clearance Certificate for Anthony Cammarata

Arlena,

I really don't understand how you can check off that I didn't supply sufficient certification. I submitted the forms yesterday. Again, please explain. Thank you.


Anthony Cammarata
IT Assistant
Invest In CUNY Campaign Office
(212) 417-6371



**From:** Arlena Yuen
**Sent:** Wednesday, April 23, 2014 6:16 PM
**To:** Anthony Cammarata
**Cc:** rajaye@gmail.com; civilrightslaw@aol.com; Sonia Pearson
**Subject:** RE: Completed FMLA and Clearance Certificate for Anthony Cammarata

Hi Anthony,
Find attached your Notice of Eligibility under FML.

Arlena Yuen, PHR
**CUNY | Central Office Human Resources**
395 Hudson Street, 6th Fl.
New York, NY 10014
arlena.yuen@cuny.edu
Phone: (212) 541-0946

**From:** Anthony Cammarata
**Sent:** Wednesday, April 23, 2014 1:10 PM
**To:** Sonia Pearson
**Cc:** Arlena Yuen; rajaye@gmail.com; civilrightslaw@aol.com
**Subject:** Completed FMLA and Clearance Certificate for Anthony Cammarata

Dear Ms. Pearson,

Please see the attached FMLA and Clearance Certificate. Thank you.

Anthony Cammarata
IT Assistant
Invest In CUNY Campaign Office
(212) 417-6371

# RE: Completed FMLA and Clearance Certificate for Anthony Cammarata

### Anthony Cammarata

Thu 4/24/2014 11:05 AM

To:Arlena Yuen <Arlena.Yuen@cuny.edu>;

Cc:Sonia Pearson <Sonia.Pearson@cuny.edu>; rajaye@gmail.com <rajaye@gmail.com>; civilrightslaw@aol.com <civilrightslaw@aol.com>;

I just got a notification that you will be out until April 29th. So when will I get the Designation Notice? You said I would get it shortly.

---

**From:** Arlena Yuen
**Sent:** Thursday, April 24, 2014 10:56 AM
**To:** Anthony Cammarata
**Cc:** Sonia Pearson; rajaye@gmail.com; civilrightslaw@aol.com
**Subject:** RE: Completed FMLA and Clearance Certificate for Anthony Cammarata

Dear Anthony,
I apologize for the confusion.  See attached an updated Notice of Eligibility.
No additional documentation or information is required to support your leave.  You will receive a Designation Notice approving your leave shortly.

Arlena Yuen, PHR
**CUNY | Central Office Human Resources**
395 Hudson Street, 6th Fl.
New York, NY 10014
arlena.yuen@cuny.edu
Phone: (212) 541-0946

---

**From:** Anthony Cammarata
**Sent:** Thursday, April 24, 2014 9:40 AM
**To:** Arlena Yuen
**Cc:** Sonia Pearson; rajaye@gmail.com; civilrightslaw@aol.com
**Subject:** FW: Completed FMLA and Clearance Certificate for Anthony Cammarata

Arlena,

I really don't understand how you can check off that I didn't supply sufficient certification. I submitted the forms yesterday. Again, please explain. Thank you.


Anthony Cammarata
IT Assistant
Invest In CUNY Campaign Office

# EXHIBIT M

 The City
University
of
New York

"Invest in CUNY, Invest in NY"

Carlos A. Flynn
**University Dean for Institutional Advancement**
535 East 80th Street
New York, NY 10075
Tel: 212-794-5734
Fax: 212-794-5610

To:        Anthony Cammarata

From:    Carlos Flynn

Date:    April 28, 2014

Re:        Professional Conduct

I am writing to you as a follow-up to the conversation we had on Friday, April 25th.  It had come to my attention that over the past few weeks you have communicated directly with people in the Human Resources Department in regard to your missed pay check as well as issues relating to the Family Medical Leave paperwork you were asked to fill out after being out of the office for an extended period of time.  You had also contacted individuals in other Central Office departments regarding your missed check. Unfortunately, I have been informed by some of the people you contacted that your demeanor, both on the phone and in person, was rude and disrespectful.

I must remind you that it is expected of everyone in our office to maintain a courteous and professional manner at all times when communicating with co-workers.  Please make sure this type of behavior does not happen again.  If this behavior continues, you may be subject to disciplinary action that can lead to termination of employment.

I, Anthony Cammarata, have read and received a copy of this memorandum.

_____              4/28/2014
Signature                                          Date

c:        Sonia Pearson
          Personnel File



# EXHIBIT N





**"Invest in CUNY, Invest in NY"**
**Carlos A. Flynn**
**University Dean for Institutional Advancement**
**City University of New York**
**205 East 42nd Street – Room 954**
**New York, NY 10017**
**646-664-3004**

**To:**        Anthony Cammarata

**From:**     Carlos Flynn

**Date:**     January 28, 2016

**Re:**        Proper use of CUNY computers

I am writing to summarize our meeting yesterday about the recent problems we have been experiencing at the *Invest in CUNY Campaign Office* (ICO) with our PC's.  As you know, your PC has become infected with viruses at least six times in the past nine months, requiring CUNY IT to replace your hard drive.  The IT office has investigated this situation and come to the conclusion that malware has entered the system through your PC and has caused disruption to the entire office. This most likely has occurred when you accessed non-work related web sites.

CUNY PCs are to be utilized only for university related work and web access, as outlined in the attached *CUNY Computer Use Policy.*  Additionally, please complete the following CUNY IT Security Awareness course:

http://www.cuny.edu/about/administration/offices/CIS/security/course-banner.jpg

CUNY computers are not to be utilized for non-work related web searches etc.  Please make sure this type of behavior does not happen again.  If this behavior continues, you may be subject to further disciplinary action that can lead to termination of employment.

**Please read, sign and return this memorandum.**

I, Anthony Cammarata, have received and read a copy of this memorandum and have further read the enclosed policy and completed the online Security Awareness Course. .

Signature                                                     2/26/2016
                                                                    Date

cc:      Sonia Pearson
         Personnel File



February 26, 2016                                    (Pg1)

I, Anthony Cammarata, am being
forced to sign a letter threatening
Disciplinary action against me for actions
I do not fully agree with. In an effort
to understand the events that have
taken place over the last few weeks,
I have come to the conclusion that I
am being accused of not abbiding by
The CUNY Computer Policy, which up
until January 27th, 2016 was never
presented to me. Nor was I aware of
a Computer Policy exam.
With these recent events occurring, I
feel as if the City University of New
York has taken my dedication and
work ethic and has decided to make it
irrelevant by their current actions against
me. Obligating, ney, forcing me to admit
to something that was incidental
according to their own policies.
     Yes, I will say that during off hours
I used the Internet to research information
that had no bearing with the City
University of New York. However, again,
it is clearly stated in the CUNY Computer
Policy Statement and Collective Bargaining

February 26, 2016                          (Page 2)

Agreement, Incendental Computer use
is allowed. I did not intentionally cause
any viruses on my work station. I will
note that after the Initial Virus occured
in August of 2015, I was assured by
CUNY IT that the virus was taken care
of. However this was not true, as I have
documented all the events that ☒ lead
up to the Events in December of 2015.
In any case, Obviously, my faith in
This assurance was met with doubt
having had dealt with CUNY IT in the Past,
Knowing that their measures of handling
computer related issues and using
Patches to update computers as well as
their measures of security have been
less than adequate. As an example, In 2010
our office experienced several instance of
virus on various machines. This occured
after members of the CUNY IT LAN Group
installed updates on our machines
using Infected Flash Drives. Causing
malware and root kit viruses to occur.
In other instances, members of
The CUNY IT LAN Group stated they
did not know how to remove any viruses

February 26, 2016 (Page 3)

From our machines that were infected and therefore had to issue New Hard Drives.

So I knew that this current matter was not over. It took several months for members of the CUNY IT LAN Group, to surmise that the virus was never completely wiped and that some how attached itself to my profile. I questioned this and asked them why they didn't figure this out in the first place. I received no response. I asked aren't they supposed to do a full sweep. Aren't they suppose to follow certain protocols to uncover possible security breaches beyond the scope of just wiping a machine.

So, based upon the lack of any responses from The CUNY IT LAN group and because I complained against them to Jeff Rickman, the Head of IT, I am now being retaliated against because I did point this out and complained. So now, I must face an ultimatum. Either sign

February 26, 2016                    (page 4)

What's in front of you, or don't sign, but it will still be placed in your personnel file.

The only reason(s) I will not sign at this time is I feel that there are discrepencies as to what CUNY considers Incedental use in their Computer use policy. And I feel that the collective Bargaining agreement is outdated. Furthermore, any refussal on the part of CUNY to Investigate the Practices of CUNY IT or warrent any wrongdoing on their part makes me feel uncomfortable and wary of their practices.

I am a model employee who has served the City University of New York for nearly 8 years. I have been met however with lost paychecks caused by the City University of New York on 3 occasions without any written apologies. And here again, I am being met with sheer agression to my job security and feel I am being forced to sign this letter or face dismissal.

Anthony Cammarata           2/26/16

 Gmail

**Tony Cammarata <movieseer1977@gmail.com>**

---

## Re: Personal and Confidential: Anthony Cammarata

---

**Tony Cammarata <movieseer1977@gmail.com>**
Draft To: "Robert Ajaye (Local 2627 President) (212)815-1932" <rajaye@gmail.com>

Thu, Mar 31, 2016 at 9:52 PM

Dear Mr. Ajaye,

I need to know if we can proceed with arbitration. After reviewing the CUNY Collective Bargaining Agreement, I read that arbitration is my primary alternative since you previously thought it best not to pursue this matter and represent this disciplinary issue. Kindly advise when we can proceed with arbitration.

The other alternative would be for you to work with administration and get the disciplinary letters permanently removed from the file which would negate the need for arbitration. Please respond by Wednesday, March 23rd 2016 before 2 pm EST. If additional time is needed please advise.

On Mar 17, 2016 3:59 PM, "Robert Ajaye (Local 2627 President) (212)815-1932" <rajaye@gmail.com> wrote:
> I do phone calls for issues like this if a discussion is required.  I will not go back and forth with emails.  If you want
> help you need to call.

> On Thu, Mar 17, 2016 at 3:23 PM, twolibrarians <twolibrarians@aim.com> wrote:

>> Dear Mr. Ajaye,

>> Is there an issue with arbitration.   I would like to communicate via email. Thank you.

>> Anthony Cammarata


>> Sent from Samsung tablet


>> ------- Original message -------
>> From: "Robert Ajaye (Local 2627 President) (212)815-1932" <rajaye@gmail.com>
>> Date: 03/17/2016 1:16 PM (GMT-05:00)
>> To: twolibrarians <twolibrarians@aim.com>
>> Subject: Re: Personal and Confidential: Anthony Cammarata

>> give me a call

>> On Thu, Mar 17, 2016 at 1:13 PM, twolibrarians <twolibrarians@aim.com> wrote:
>>> Dear Mr. Ajaye,


>>> As previously discussed, the City University of New York has placed 2 Disciplinary Letter's into my file: a letter pertaining to Conduct Issues in 2014 and the most recent letter pertaining to Computer Use Policies. I therefore ask, if you could help me remove these Disciplinary Letter's from my Permanent Personnel File. If not, we would need to process Arbitration. Thank you for your help.

>>> Anthony Cammarata
>>> Local 2627

**LAW OFFICE OF SANFORD KUTNER**
**3 HEARTHSTONE CIRCLE**
**NATICK, MA 01760**
**504-717-1130**

**Licensed only in NY and OK**
**civilrightslaw@aol.com**
**FAX 866-613-6209**

**Email: jane.sovern@cuny.edu**

February 7, 2016
Jane Sovern, Esq.
Deputy General Counsel
City University of New York
205 East 42nd Street
New York, NY 10017

       Re:  Anthony Cammarata
           Use of CUNY Computers

Dear Ms. Sovern :

     Thank you very much for responding to this office so quickly. The contents of this communication are made within the spirit of negotiation.

     Upon an initial review there are some areas that give me pause. It appears that there is a conjectural belief that Mr. Cammarata is solely at fault for the viruses. Having experience with IT Departments, it seems that the imminent cause of the six viruses has to be traced back to IT. Imagine going to Best Buy or wherever with the same problems, would you feel upset that the similar  problem was not resolved upon the first visit? Why would it take the IT experts in computer repair not be resourceful enough to correct the problem without the disruption caused by their not performing in an answerable matter. Is not an investigation warranted regarding their knowledge and ability?

     Reading the communication, Dean Flynn, makes the conclusion that Mr. Cammarata's PC was the cause of disruption. Yet, he continues, by stating that "this most likely has occurred when you accessed non-work related web sites. Requiring one to sign a warning letter based upon an admitted speculation is unjust.

Mr. Cammarata has learned from this experience without admitting total responsibility, which according to Dean Flynn is hypothetical. Mr. Cammarata has already completed the CUNY IT Security Awareness course and received a certificate of completion within a reasonable time frame. You might want to consider that all personnel should complete that course as there have to be some who have accessed non-work related web sites.

Please review the issues that have been raised in this communication. Kindly suspend all deadlines until all parties have reached an expeditious and amicable resolution.

Very truly yours,


Sanford Kutner
Attorney

# EXHIBIT O

 **Gmail**                                      **Tony Cammarata <movieseer1977@gmail.com>**

---

## Personnel File Copy Request: Anthony Cammarata

---

**TC <movieseer1977@gmail.com>**                                          Thu, May 11, 2017 at 4:53 PM
To: Lidia.Sanchez@cuny.edu
Bcc: civilrightslaw@aol.com

Dear Ms..Sanchez,

I am requesting a copy of my complete Personnel File. I would appreciate it if it is available for pickup within the next 5 business days. Thank you.

Anthony Cammarata

 **Gmail**                                                                    **Tony Cammarata <movieseer1977@gmail.com>**

## Personnel File Copy Request: Anthony Cammarata

**TC <movieseer1977@gmail.com>**                                        Sun, May 28, 2017 at 9:24 PM
To: Lidia.Sanchez@cuny.edu

Dear Ms..Sanchez,

This is my second request for a copy of my complete Personnel File. I would appreciate it if it is available for pickup within the next 5 business days. Thank you.

Anthony Cammarata

9/10/17, 2:16 PM

 **Gmail**                                              **Tony Cammarata <movieseer1977@gmail.com>**

---

## Personnel File Copy Request: Anthony Cammarata

---

**Frances Correa <Frances.Correa@cuny.edu>**                               Wed, May 31, 2017 at 11:13 AM
To: "movieseer1977@gmail.com" <movieseer1977@gmail.com>
Cc: Lidia Sanchez <Lidia.Sanchez@cuny.edu>, Sonia Pearson <Sonia.Pearson@cuny.edu>

Good Morning Mr. Cammarata,


A copy of your personnel file has been made and is being sent to you via Certified Mail with tracking
number **7016 0910 0001 9972 4730.**




Frances




**From:** TC [mailto:movieseer1977@gmail.com]
**Sent:** Sunday, May 28, 2017 9:24 PM
**To:** Lidia Sanchez <Lidia.Sanchez@cuny.edu>
**Subject:** Fwd: Personnel File Copy Request: Anthony Cammarata


Dear Ms..Sanchez,


This is my second request for a copy of my complete Personnel File. I would appreciate it if it is available for pickup
within the next 5 business days. Thank you.


Anthony Cammarata

---

# EXHIBIT P



**CERTIFIED MAIL**

The City
University
of
New York

205 East 42nd Street
New York, NY 10017

7016 0910 0001 9972 4730

FIRST CLASS

U.S POSTAGE ≫ PITNEY BOWES

ZIP 10017
02 1W         $ 008.55⁰
0001390132 JUN 01 2017

Anthony Cammarata
7829 81st Street
Glendale, NY 11385

• 6/3 NL
11:14 TP


The City
University
of
New York

THE
CITY UNIVERSITY
OF
NEW YORK
Office of Human Resources Management
Central Office Human Resources
535 East 80th Street – 4th Fl
New York, NY 10075
Tel: 212-794-5336
Fax: 212-794-5359

2010 JAN 20 PM 3:06
CENTRAL OFFICE
HUMAN RESOURCES

January 13, 2010

Anthony Cammarata
P.O. Box 603
Floral Park, NY 11002

Dear Mr. Cammarata:

This letter is written to confirm your probable permanent appointment to the title of Information Technology Assistant, Level I, effective December 22, 2009 through December 21, 2010 at an annual salary of $41,175.

You will be eligible for permanent status in this title upon completion of one year of satisfactory service.

This appointment is subject to financial ability and subject to the approval of the Board of Trustees of The City University of New York. The terms and conditions of employment are consistent with the applicable rules and Bylaws of the Board of Trustees of The City University of New York and the existing collective bargaining agreement.

Please return the enclosed copy of this letter, with a statement of your acceptance indicated on it.

I wish you continued success at the University.

Sincerely,

Sonia S. Pearson
Director of Human Resources

C:  Interim Senior Vice Chancellor Marc V. Shaw
    Dean Carlos A. Flynn

Acceptance:  I accept this offer of employment with the terms stated above.

_Anthony Cammarata_
Signature

_January 15, 2010_
Date



 **The City University of New York**

## CONVICTION NOTICE AND LICENSE REGISTRATION FORM

Upon appointment, this form will be used to verify your claims; convictions will be verified with the New York State Division of Criminal Justice Services.

**PLEASE ANSWER ALL QUESTIONS, one character per space.**

**SSN #** 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  **DATE:** 01/06/10

**LNAME** CAMMARATA  **FNAME** ANTHONY  **M.I.**

Please list below any other name you may be known by (this includes maiden name):

**LNAME**  **FNAME**  **M.I.**

**STREET ADDRESS** PO BOX 603  **APT #**

**CITY OR TOWN** FLORAL PARK

**STATE** NY  **ZIPCODE** 11002

**HOME PHONE #** (516) 424-4023  **WORK PHONE #** (212) 417-6371

**LICENSE OR PROFESSIONAL REGISTRATION:**
(If required for position or as stated in the vacancy notice or exam announcement, such as driver's license, engineer's license, etc.)

1. Name of License/Registration valid in NYC _Driver License_  License # _225 820 612 CLASS D_
Name of Issuing Agency _New York State Department of Motor Vehicles_
Date Originally Issued _06-19-2002_  Date Last Renewed _03-09-2009_
Renewal No. (if any) _____  Date of Expiration _03-16-2017_
Have you ever had a license, certificate or permit suspended or revoked? ___ Yes _✓_ No. If yes, give full details.

2. Name of License/Registration valid in NYC_____  License #_____
Name of Issuing Agency_____
Date Originally Issued_____  Date Last Renewed_____
Renewal No. (if any)_____  Date of Expiration_____
Have you ever had a license, certificate or permit suspended or revoked? ___ Yes ___ No. If yes, give full details.

**REVISED CONVICTIONS**   To be used instead of Form 602a R-01/01 (Applicants for Security and Public Safety positions are subject to a more vigorous criminal history background check.)

A conviction record will not necessarily disqualify you from the position for which you are applying. Each record is reviewed to determine eligibility in accordance with guidelines established by the University and in accordance with New York State Law. However, **FAILURE TO REPORT THE REQUIRED INFORMATION WILL AUTOMATICALLY DISQUALIFY YOU REGARDLESS OF THE REASON FOR THE OMISSION/FALSIFICATION.**

For each conviction or pending charge, you may state facts in favor of your employment on a separate sheet to be attached to this form. These facts will be considered when your application is being reviewed.

A suspended sentence, a fine, a conditional discharge, a Certificate of Relief from Disabilities, or an adjournment in contemplation of dismissal, does not expunge an offense from your record, and the offense must be reported.

1.   Were you **ever** convicted of an offense anywhere including <u>felonies, misdemeanors or violations (except for traffic violations or convictions sealed, expunged or set aside under Federal or State law)</u>?

Answer YES or NO    NO

Only a court can determine youthful offender status and seal a conviction. You are not considered a youthful offender just because of your age at the time of the conviction. If you are unsure whether a conviction was sealed, respond yes to the question and explain below or in an attachment why you are unsure. Most traffic tickets involve infractions or violations, which need not be reported. However, some convictions, such as driving while intoxicated, are classified as misdemeanors or more serious offenses, which must be reported.

2.   Are there any criminal charges or violations (except for traffic violations) <u>currently</u> pending against you?

Answer YES or NO    NO

3.   In the space below, please list: a) all felony convictions and felony pending charges <u>regardless of the date received;</u> and b) for misdemeanors and violations, all your convictions and pending charges <u>for the past 10 years</u>. If none, write "NONE". You must list convictions even if you pleaded guilty or received a Certificate of Relief from Disabilities, and regardless of the penalty or sentence you received.

| Date of Conviction (Mo/Yr) | Offense of which you were convicted | Name/location of court | Disposition including incarceration |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

**WARNING: FALSIFYING OR OMITTING ANY MATERIAL REQUIRED ON THIS FORM WILL RESULT IN YOUR DISQUALIFICATION AND YOUR REMOVAL FROM CUNY SERVICE AND MAY RESULT IN CRIMINAL PROSECUTION. YOUR STATEMENTS WILL BE CHECKED USING COURT OR OTHER RECORDS. REMEMBER TO RESPOND TO THE THREE QUESTIONS AND FILL IN THE INFORMATION REQUESTED ABOVE.**

**DECLARATION FOR THE SECTIONS ABOVE**                               DATE: 1/5/2010

I, Anthony Cammarata , residing at P.O. Box 603, Floral Park, NY 11002
        (Print name)                                                    (Address)

do declare that all the statements contained herein are true and correct to the best of my knowledge.   Anthony Cammarata
                                                                        (Signature)

---

To be completed by College HR/Personnel Department

Candidate Anthony Cammarata    College Central Office    Dept. OIA    Date 1/5/10

CSC Title I.T. Asst.    Action (Appt, Trans, Reinst) Appt    App't Date 12/22/09    Status Prob Perm

Completed by S James    Title H.R. Coordinator    Date 1/5/09

HR/Personnel Director Jerry Page    (Signature)

Case 1:17-cv-06456-MKB-LB   Document 1   Filed 11/03/17   Page 100 of 128 PageID #: 100


The City University of New York

## CUNY CENTRAL OFFICE HUMAN RESOURCES

### IDENTIFICATION CARD INFORMATION

NAME _Anthony Cammarata_

DEPARTMENT _Invest in CUNY / Office of Budget & Financ_

RECEIVED ID CARD _✓_ (PLEASE CHECK UPON RECEIPT)

SIGNATURE _[signature]_

DATE _12|4|08_

---

### CENTRAL OFFICE HUMAN RESOURCES USE ONLY

DISTRIBUTED BY:

NAME _Steven James_

SIGNATURE _____

DATE _12|4|08_



**The City**
**University**
**of**
**New York**

Office of Human Resources Management
Central Office Human Resources
535 East 80th Street – 2nd Fl
New York, NY 10075
Tel: 212-794-5336
Fax: 212-794-5359

July 29, 2008

Anthony Cammarata
7829 81st Street, Apt. #2
Glendale, NY  11385

Dear Mr. Cammarata:

This letter provides written confirmation of your probable permanent appointment to the title of CUNY Office Assistant Level 1 effective July 28, 2008 at an annual salary of $23,945.

You will be eligible for permanent status in this title upon completion of one year of satisfactory service.

Feel free to contact me if you have any questions.

Sincerely,

Sonia S. Pearson
Director of Human Resources

c:     Vice Chancellor Ernesto Malave
       Carlos Flynn





# CONVICTION NOTICE AND LICENSE REGISTRATION FORM

Upon appointment, this form will be used to verify your claims; convictions will be verified with the New York State Division of Criminal Justice Services.

**PLEASE ANSWER ALL QUESTIONS, one character per space.**

**SSN #** 0 5 5 - 7 0 - 3 8 4 4   **DATE:** 0 7 / / 0 8

**LNAME** C a m m a r a t a   **FNAME** A n t h o n y   **M.I.**

Please list below any other name you may be known by (this includes maiden name):

**LNAME**   **FNAME**   **M.I.**

**STREET ADDRESS** 2 1 1 4   P r o s p e c t   A v e   **APT #**

**CITY OR TOWN** E a s t   M e a d o w

**STATE** N Y   **ZIPCODE** 1 1 5 5 4 -

**HOME PHONE #** ( 5 1 6 ) 4 2 4 - 8 0 6 7   **WORK PHONE #** ( ) -

## LICENSE OR PROFESSIONAL REGISTRATION:
(If required for position or as stated in the vacancy notice or exam announcement, such as driver's license, engineer's license, etc.)

1. Name of License/Registration valid in NYC _Drivers License_ License # _225 820612_

   Name of Issuing Agency _New York State_

   Date Originally Issued _6/19/02_   Date Last Renewed _____

   Renewal No. (if any) _____   Date of Expiration _3/16/09_

   Have you ever had a license, certificate or permit suspended or revoked? _____ Yes _✓_ No. If yes, give full details.

2. Name of License/Registration valid in NYC _____   License # _____

   Name of Issuing Agency _____

   Date Originally Issued _____   Date Last Renewed _____

   Renewal No. (if any) _____   Date of Expiration _____

   Have you ever had a license, certificate or permit suspended or revoked? _____ Yes _____ No. If yes, give full details.

*The City University of New York* — C. O. Human Resources
**AFFIRMATIVE ACTION SURVEY**

In order to facilitate the reporting of data to employees for compliance with Affirmative Action rules and regulations, we request the following:

1. Cammarota                    Anthony
   <u>Last Name</u>            <u>First Name</u>          <u>Middle Initial</u>

2. Address  2114 Prospect Ave.
   City East Meadow        State  NY      Zip  11554

3. Social Security Number: 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.   4. Date of Birth: 03/16/74

5. Home Telephone Number: 516-424-8067    Office: _____

6. Sex: Female _____ Male ✓

7. Marital Status: Single ✓ Married _____

8. Ethnicity: (check one)
   _____ American Indian or Alaskan (G)
   _____ Asian American or Pacific Islander (F)
   _____ Black (C) (not Hispanic)
   _____ Hispanic (not Puerto Rican) (D)
   ✓ Italian American (H)
   _____ Puerto Rican (E)
   _____ White (B) (not Hispanic)
   _____ Other (Explain)

9. Are you an American citizen? Yes ✓ No _____
   If no, what is your country of origin? _____
   Visa type _____ Visa issue date _____
   Visa expiration date _____
   Work authorization expiration date _____

10. Date you completed 1-9 form (Employment Eligibility Verification Form) 7/22/08

11. Military Status: Veteran _____    Non-Veteran ✓
    Disabled Veteran _____ Vietnam-era Veteran _____

12. Highest grade or degree completed  Masters Degree
    Year received 2003, or number of credits completed _____
    College or University: Queens College CUNY
    Major: Library Science    Minor: _____

13. Department/Unit employed by CUNY Central Office; Invest in CUNY

14. Position (Payroll and Functional Titles) College Office Assistant

   Anthony Cammarota                July 22, 2008
   Signature                        Date

*The City University of New York*



**Human Resources for Central Office**
535 East 80 Street, New York, N.Y. 10021
(212) 794-5336

**STATEMENT OF CITIZENSHIP**

**CHECK ONE:**

(✓)  U.S. CITIZEN

( )  RESIDENT ALIEN
Form 1078 must be prepared in duplicate and
submitted to the Personnel Office.

( )  NON-RESIDENT ALIEN

1. Have you clearance to work in the United States_____
2. Type of Visa_____
3. Primary purpose in the United States_____
4. Citizen of_____
5. Intended length of stay_____
6. CUNY student_____Yes_____No

Signature ___*Anthony Cammarata*___

Print Name ___*Anthony Cammarata*___

Date ___*July 22, 2008*___

CUNY Central OFFice _____ COLLEGE

**THE CITY UNIVERSITY OF NEW YORK**

## AMENDED CONSTITUTIONAL OATH UPON APPOINTMENT
### (IN COMPLIANCE WITH SECTION 62 OF THE NY STATE CIVIL SERVICE LAW)

"I do hereby pledge and declare that I will support the constitution of the United States, and the constitution of the state of New York, and that I will faithfully discharge the duties of the position of _CUNY OFFICE ASSISTANT,_ according to the best of my ability."

NAME _Anthony Cammarata_

SIGNATURE _Anthony Cammarata_

ADDRESS _2114 Prospect Ave, East Meadow, NY_
_11554_

DATE _7/22/08_

*The City University of New York*



OFFICE OF FACULTY AND STAFF RELATIONS
UNIVERSITY HUMAN RESOURCES MANAGEMENT SERVICES

REPORT OF CUNY CIVIL SERVICE EXTERNAL EMPLOYMENT

Employee name: __Anthony Cammarata__

Social Security number: __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__

Address: __2114 Prospect Ave., East Meadow, NY 11554__
__P.O.Box 603, Floral Park, NY 11002__

A.  Primary position:

CUNY College or unit: __Central Office__

Department & Addresses: _____

Title: _____

Usual work schedule: _____

Completed by: _____
(College Personnel Director name and date)

B.  Secondary position:

Agency of Employer: _____

CUNY College or unit: _____

Department & Addresses: _____

Title: _____

Usual work schedule: _____

Completed by: _____
(Personnel Director name and date)

THIS FORM IS TO BE INITIATED (SECTION A., UPPER) BY THE CUNY COLLEGE OR
UNIT PROVIDING THE PRIMARY POSITION.

IT IS THEN TO BE FORWARDED TO THE EMPLOYER PROVIDING THE SECONDARY
POSITION FOR COMPLETION AND RETURN.

(CUNY FORM OFSR 1021 902/90)

## CONFIDENTIAL

## EMERGENCY EVACUATION

In light of the recent blackout experience, the Central Office is updating evacuation procedures for all facilities.  As part of the procedures, we need to determine whether or not any staff members would require assistance in an emergency evacuation.   Please be assured that this information is voluntary.  It will only be used for emergency evacuation and will only be shared with those who have responsibilities under the emergency evacuation plan.

I would require assistance during an emergency evacuation.

      ☐ YES          ☑ NO

Type of Assistance:

_____

_____

_____

_____

*Anthony Cammarata*
**NAME**                              **TELEPHONE NUMBER**

**LOCATION**                               **FLOOR**

*[signature]*                            7/22/08
**SIGNATURE**                              **DATE**

**COMPLETED FORM SHOULD BE RETURNED TO THE HUMAN RESOURCES OFFICE AS SOON AS POSIBLE.**

### The City University of New York
### CENTRAL OFFICE HUMAN RESOURCES

**Employee's Name:** Anthony Cammarata   **S.S. #** 055 70 3844
**Address:** 2114 Prospect Ave, East Meadow, NY 11554   **Telephone #** 516 424-8067

In case of emergency, please communicate with the following persons in the order listed (please print):

|   | **Name** | | **Telephone** |
|---|---|---|---|

1. Phil Cammarata        Home: 718 381 8359
**Address:** 7829 81st        Business: _____
Glendale, NY 11385        Relationship: Father

2. Philip Cammarata        Home: 718 386 5755
**Relationship:** Brother        Business: _____
3. _____        Home: _____
**Relationship:** _____        Business: _____

**Personal Physician's Name:** _____

_____        Telephone: _____

**Health Plan** _____|_____|_____
        (HIP-Blue Cross)    (GHI-Blue Cross)    (GHI Type E-Blue Cross)

**Identification No.** _____

**Blood Type ( if known):** _____

**Do you have any Physical Conditions or Allergies you would like us to know about?**

_____

Invest in CUNY        Anthony Cammarata        7/22/08
**Department**        **Employee's Signature**        **Date**

OFSR 505



# Anthony Cammarata
P.O. Box 603
Floral Park, NY 11002
516-424-8067
twolibrarians@aim.com

| | |
|---|---|
| **OBJECTIVE** | Seeking a position in the capacity of Office Assistant within a College environment bringing the necessary experience, skills and attributes to perform all the essential duties as required. |
| **OFFICE AUTOMATION SKILLS** | Microsoft Office Suite; Word, Excel, Power Point, Publisher, FrontPage, Outlook, Windows 2000/ME/XP, DreamWeaver, Photoshop, Illustrator, Acrobat, InDesign, SIMS |

**EXPERIENCE**

**2008 – Present**
**REFERENCE LIBRARIAN**
**Island Trees Public Library,** *Island Trees, NY*
Provide reference and reader's advisory services in the reference department. Maintain ILL List. Instruct patrons in the use of library resources, including reference materials, catalogs, computer, and the interlibrary loan systems. Review journal materials for selection and acquisition, and make recommendations for selection of a wide range of book, periodical, and audio-visual materials. Organize and maintain assigned collections.

**2007 – Present**
**COLLEGE ASSISTANT**
**Queensborough Community College, Speech Department,** *Bayside, NY*
Organize department files. Assist faculty with incoming phone calls and messages. Perform data entry tasks as needed. Produce and edit letters, spreadsheets, memos, and promotional materials utilizing Microsoft Office Suite applications. Provide assistance to staff and public as required. Perform simple computations. Maintain logs and records of office equipment, and other office supplies Operate office equipment such as copiers, telephones, shredders, and fax machines. Perform other clerical duties such as filing, photocopying, emailing, and faxing; and sending, receiving, sorting, and distributing mail. Maintain and update department library. Perform other related duties as required.

**2007 – Present**
**COLLEGE TUTOR**
**Queensborough Community College, Basic Skills Learning Center,** *Bayside, NY*
Assist native and non-native speaking students with their reading and writing skills.
Help design grammar exercises for BCLS students. Prepare materials for, and conduct ACT writing and reading workshop classes. Assist ESL students in computer-related assignments.

**2002 – 2007**
**ADULT REFERENCE LIBRARIAN**
**Floral Park Public Library,** *Floral Park, NY*
Developed, maintained, and weeded the library collections; including books, videos, audiocassettes, CDs and other special materials. Updated and maintained library collections using ELMO and ONIX. Prepared collection development lists. Processed new books, standing orders and discards via Millennium. Created book displays for young adult and adult collections. Provided individual and group instruction in the use of automated systems, reference sources, including print and electronic sources for research and projects. Maintained local history information. Provided reference and reader's advisory services for students and other professionals. Maintained library web page. Performed original and copy cataloging utilizing AACRII, LCSH, and DDC. Supervised support staff and assumed responsibilities in the absence of supervising librarian. Edited monthly Library Newsletter.

Anthony Cammarata   Page 2

2001 – 2003    **COLLEGE ASSISTANT**
**Queens College, Admissions Office,** *Flushing, NY*
Helped plan student recruitment programs including high school/community college visitations. Gave campus tours to new students entering the college. Processed applications of all freshmen and transfer students. Entered and updated prospective student information via SIMS Mainframe. Mailed college information to prospective students.

2001 – 2002    **COLLEGE TUTOR**
**Queensborough Community College, Basic Skills Learning Center,** *Bayside, NY*
Assisted native and non-native speaking students with their reading and writing skills. Assisted ESL students in computer-related assignments. Helped design grammar exercises for IEP students. Conducted writing and reading workshop classes. Proctored ACT Reading and Writing exams.

1998 – 1999    **TEACHING ASSISTANT**
**Queensborough Community College, Art Department,** *Bayside, NY*
Assisted and taught technical skills and conceptual understanding to beginning and intermediate sculpture classes. Demonstrated methods and procedures to students using simple, but proven tactics. Conducted course advisement to individual students. Helped organize student performance showcases.

1997 – 1998    **ART GALLERY ASSISTANT**
**Queensborough Community College, Art Gallery,** *Bayside, NY*
Cataloged and researched the permanent art collection. Helped produce gallery publications. Helped organize exhibitions; including label writing, selection of objects, and researching for catalogs.

**SKILLS**       Recognized for strong interpersonal, written, oral communication skills and strong office automation skills as well as the ability to work collaboratively with others and produce results. Highly professional exhibiting maturity and integrity. Has a thorough understanding of achievement and professional development.

**EDUCATION**    **Queens College of the City University of New York,** *Flushing, NY*
**Master of Library and Information Sciences - September 1, 2003**

**Queens College of the City University of New York,** *Flushing, NY*
**Bachelor of Arts - June 5, 2001**

**Queensborough Community College of the City University of New York,** *Bayside, NY*
**Associates of Science - June 9, 1999**

**VOLUNTEER**    Alliance of Queens Art Gallery, QCC Art Gallery, Floral Park Art League

The City University of New York
## APPLICATION FOR EMPLOYMENT
### SHORT FORM

COLLEGE  _CUNY Central Office_

POSITION FOR WHICH YOU ARE APPLYING
Full Time ☐  Full Time ☐   P/T, Date available

(Print)
Name in Full  _Cammarata , Anthony_
Last / First / Middle

Home address  _2119 Prospect Ave._  _East Meadow, NY 11554_
No. / Street / Apt. # / City / State / Zip

Telephone Number (516) 424 4067  Bus. _____  S.S. No. _055 70 9386YY_
Home / Business

Are you authorized to work in the U.S.?  Yes ✓  No ___
Under the Immigration and Reform Control Act, CUNY is required to verify your employment eligibility and identity within three (3) days of your reporting to work.

**EDUCATION:** Please indicate highest equivalent grade of education completed (eg: GED - 12 / BA - 16)  _18_
List schools attended, beginning with most recent (college, business, high school, vocation, trade etc.)

| School Name | Location | Date Entered | Date Left | Major Study | Total Credits Completed | Degree and Date Received |
|---|---|---|---|---|---|---|
| Queens College | Flushing | 09/01 | 06/03 | Library Science | 36 | MLS 01/03 |
| Queens College | Flushing | 09/99 | 06/01 | Studio Art | 120 | BA 06/01 |
| Queensborough Community College | Bayside | 06/98 | 06/99 | Fine Arts | 120 | BA 06/01 |
| Pennsylvania Dept. of Educaton | | 01/02 | 06/02 | | 74 | AS 06/99 |
| GED Year Issued | 1992 | | | Certification | 32538YY | | GED 1992 |

**EMPLOYMENT HISTORY:** Begin with present or last job and work back for the last 7 years (if job related). Attach on extra page, if necessary.

1. Firm Name _Island Trees Library_  Address _38 Farmedge Road, Island Trees, NY 11756_
Dates Employed From _03/08_ To _Present_  Job Title _Librarian_   Final Base Salary/indicate one
Mo. Yr. / Mo. Yr.   ( ) Annual $ _____
( ✓ ) Hourly $ _20._

Name and Title of
Immediate Supervisor _Frank McKenny Director_  Reason for Leaving _Will continue working on weekends as needed_
Briefly describe duties _Perform desk entry tasks as needed, answer questions related_
_to books, computer databases, online catologing systems, reserve books,_
_and other materials. Perform in person reference instruction, scan documents_

2. Firm Name _Queensborough Community College_  Address _222 56th Ave Bayside, NY 11364_
Dates Employed From _02/07_ To _06/08_  Job Title _College Assistant_   Final Base Salary/indicate one
Mo. Yr. / Mo. Yr.   ( ) Annual $ _____
( ✓ ) Hourly $ _9.85_

Name and Title of
Immediate Supervisor _Dr Thomas Smith, Chair_  Reason for Leaving _No Budget_
Briefly describe duties _Answered telephone, performed data entry tasks using MS Word,_
_Excel and Access, organized department library, photocopied documents_
_as needed._

3. Firm Name _Queensborough Community College_  Address _222 56th Ave Bayside, NY 11364_
Dates Employed From _10/07_ To _02/08_  Job Title _Tutor BSLC_   Final Base Salary/indicate one
Mo. Yr. / Mo. Yr.   ( ) Annual $ _____
( ✓ ) Hourly $ _12.00_

Name and Title of
Immediate Supervisor _Jo Pantaleo, Director_  Reason for Leaving _Hired Full Time_
Briefly describe duties _Tutored native and non native english reading and writing._
_Taught BSLC workshops for ACT preparation._

1. May we contact the employers listed above prior to your being hired at CUNY?  All employment (prior/current) will be verified after hire.
Yes ✓  No ___  If no, explain _____

2. Have you previously been employed by CUNY?  No ___  Yes ✓  If yes, please give name of college, dates of employment, title(s) and reason for leaving. _See Above_

3.  Have you ever been discharged or asked to resign from any employment?  No ✓   If yes, please explain briefly.

4.  List any special skills that you possess that are either required for this job or which you believe will help you perform this job better (e.g. office machines, languages, word processor); be specific: *Fax machines, photocopy machines, computers, printers*

5.  Are you physically, mentally and medically able, with or without reasonable accommodation, to perform fully the essential duties of this job as contained in the job description?  Yes ✓  No ___
If No, you may still be eligible for appointment to the position. If appointed, be prepared to provide additional specific information.

6.  Are you working or do you anticipate working at any other job?  Yes ✓  No ___
If yes, give name of employer, days and time of work, nature of duties *Island Trees Library, Saturdays as needed or Sundays as needed, Library related*

7.  Are you currently a full-time student?  Yes ___  No ✓
If yes, give name of school _____  Credits earned this semester _____

8.  Are you a retiree of either a New York City or State agency and currently collecting a pension?  Yes ___  No ✓
If yes, are you willing to suspend pension payment if offered a position with CUNY?  Yes ___ No ___

**NOTICE (Please read carefully)**

A material false statement or omission willfully or fraudulently made in this application (including attached papers and related interviews) will result in disqualification, even following appointment, and may result in criminal prosecution.

If the position for which this application is submitted requires, as a condition of employment, the applicant to successfully undergo a drug, alcohol, medical and/or psychological examination, failure to pass such examination or failure to report for such examination shall be grounds for non-appointment or for invalidating the appointment when an offer has been made. Any offer of employment is contingent on successful completion of The City University of New York's total employment screening process, including, when required, receipt of references which the University or College considers satisfactory.

Only the representations made by the President of the College or the College Appointing Officer – usually the College Personnel/Human Resources Director made in writing prior to appointment are official representations. No manager or representative of The City University of New York has the authority to make an offer of employment or to represent a condition of employment including those made in writing. If such an offer and/or condition is made by those other than the President or Appointing Officer it would be unenforceable because it would be a violation of the University Bylaws, Rules and Regulations, or Collective Bargaining Agreements governing the administrative policies of the University.
The City University reserves the right to revise without notice any personnel policy or practice at any time other than those set forth in the University Bylaws, applicable New York State Laws, Collectively Bargained Agreements, and the Rules of the CUNY Civil Service Commission.

**Applicant's Certification and Agreement**

AFFIRMATION:

I declare and affirm, under penalty of perjury, that I have read and understand the above notice, and that the statements I have made herein are true and correct to the best of my knowledge.

Your Signature: *Anthony Cumminata*   Date: *07/22/08*

**FOR HUMAN RESOURCES MANAGEMENT SERVICES OFFICE USE**

Date Received: _____   Mailed: _____   Drop In: _____

Word Processing Score _____   Date: _____   P.O. Staff Initials: _____  (Attach summary sheet)

Interview Date: _____   By: _____   Position: _____

Interview Date: _____   By: _____   Position: _____

Interview Date: _____   By: _____   Position: _____

EQUAL EMPLOYMENT OPPORTUNITY/AFFIRMATIVE
ACTION, AMERICANS WITH DISABILITIES ACT, AND
IMMIGRATION REFORM AND CONTROL ACT EMPLOYER

OFSR-601
R.1-1/01

 **The City University of New York**

| FOR COLLEGE USE ONLY |
|---|
| SSN # *055 - 70 - 3844* |
| NAME: *Anthony Commarata* |
| TITLE: *COA* |

General Instructions for Completing the Personal History Questionnaire in
Application for Employment in the CUNY Classified Service

**PLEASE READ CAREFULLY** BEFORE COMPLETING THIS QUESTIONNAIRE.  PRINT CLEARLY IN INK.
INCOMPLETE OR ILLEGIBLE APPLICATIONS WILL NOT BE CONSIDERED.
**DO NOT** ATTACH YOUR RESUME.

ONCE SUBMITTED APPLICATIONS **WILL NOT** BE RETURNED.  KEEP A PHOTOCOPY FOR YOUR RECORDS.
A PHOTOCOPY MAY BE SUBMITTED SO LONG AS IT BEARS AN ORIGINAL SIGNATURE IN INK.

This questionnaire may be used by the college as an Employment Application Form, an Appointment Form and an
Investigation form. you must complete and sign it if you are seeking a position and/or being appointed to a position
within the CUNY Classified Service.  Complete the questionnaire as follows:

**Section A, Position Being Sought:** If you are applying for a position in more than one job title, you may indicate this
by filling in line number 2.  Otherwise, use line number 1 only.

**Section B, Personal Information:** If you are appointed to a position, you will be required to verify your employment
eligibility under the Immigration Reform and Control Act of 1986.  To do so, you must present original employability
and identify document within 3 day of reporting to work.  You will, in addition, be required to show an original or
certified copy of your birth certificate.  The college may make photocopies of these documents.

**Section C, Education History:** Upon appointment, you will be required to show educational documents that verify you
meet the educational requirements for the position, e.g., H.S. Diploma, Official College Transcript, etc. The College
may make photocopies of these documents.  Only accredited U.S. institutions or foreign institutions for which
equivalencies can be determined will be accepted for qualifying.

**Section D, Employment History:** Be precise.  List separately, in reverse chronological order (most recent job first),
each position you have held.  Be especially thorough in describing any position which you believe qualifies you for
this job.  Upon appointment, the College may require you to sign a release form to verify your work history.

**Sections H1 & H2, Military Service Record, Military Disciplinary Record:** Upon appointment, you will be required to
verify any claims for preference by submitting an original DD214.  A DD214 will also be required to verify your military
disciplinary record.  The College may make photocopy of this document.

**Section J, Licenses:** Upon appointment, you must show and original, current license, if one is required for this
position.  The College may make a photocopy of each such document.

**Section K, Convictions:** Upon appointment you will be fingerprinted and your prints, along with this Section, will be
sent to the New York State Division of Criminal Justice Services for verification.

**Section L, Notice:** Read carefully and sign the form in ink.

**Section M, Delayed Appointment:** Do not complete this Section unless you have previously applied for this position
and are being appointed following a delay of more than 30 days.

If you need additional space to answer any of the Sections in the questionnaire, please use the blank sheet which is
located in Section I.  Please use the same format as the section you are expanding.

**THANK YOU FOR APPLYING TO THE CITY UNIVERSITY OF NEW YORK**

**The City University of New York is an Equal
Employment Opportunity/Affirmative Action Employer
(M/F/V/H)**

**FOR COLLEGE USE ONLY (IF APPLICABLE):**

Personnel Vacancy Notice:_____        Vacancy Closing Date:_____

Posted Salary: $_____        Posted Title Level:_____

Title Code #_____   Exam #_____        Administrative/Rank #_____

55A_____        55B_____

Appointment Date:_____        Department:_____

College:_____        Candidate Name:_____

SSN #_____/_____/_____

This sheet may be used by a designated college personnel staff member to record verification of candidate responses on the Application for Employment in the CUNY Classified Staff

ITEM B: WORK AUTHORIZATION - (within 3 days of reporting to work):        Verified by:_____

_____verified        _____unverified

Birth Verification (upon appointment):   Signature:_____   Date/Place:_____

55 A/B Eligibility_____        Telephone:_____

ITEM C: EDUCATIONAL DOCUMENTS:        Verified by:_____

_____verified        _____unverified

_____        Signature:_____        Date:_____

Telephone:_____

ITEM D: EMPLOYMENT HISTORY:        Verified by:_____

_____verified        _____unverified

_____        Signature:_____        Date:_____

Telephone:_____

ITEM H: MILITARY SERVICE:        Verified by:_____

_____verified        _____unverified

_____        Signature:_____        Date:_____

Telephone:_____

ITEM I: MILITARY DISCIPLINE:        Verified by:_____
_____verified        _____unverified

_____        Signature:_____        Date:_____

Telephone:_____

ITEM J: LICENSES        Verified by:_____

_____verified        _____unverified

_____        Signature:_____        Date:_____

Telephone:_____

**Until further notice, the legitimacy and current validity of licenses will be
verified by the NYC Department of Personnel.**

-2-

**PERSONAL HISTORY QUESTIONNAIRE IN
APPLICATION FOR EMPLOYMENT IN THE CUNY CLASSIFIED SERVICE
PLEASE READ INSTRUCTIONS ON PAGE ONE**

**A. POSITION BEING SOUGHT:**

CHECK ONE: Full-time ✓          Part-time_____
            P/T Hours available_____          P/T Days available_____

1. Civil Service Title: _College Office Assistant_

2. Civil Service Title: _____

**If hired, how much notice do you require before you can report to work?**

**B. PERSONAL INFORMATION:**

Print
Name: _Anthony_                              _Cammarata_
         First                        M.I.              Last

Mailing   _P.O. Box 603_          _Floral Park, NY_    _11002_
Address    No.    Street          Apt#    City    State    Zip Code

Telephone Number: Home( 576) _424  8067_          Business(    )

Social Security # _055 , 70 , 3844_          Are you eighteen years of age or older? Yes ✓    No____
                                              If under eighteen, state your age_____

Note: If you were known by any other name including maiden name, please indicate name(s):_____

1.    Are you authorized to work in the United States? _Yes_

      **Note:** Under the Immigration Reform & Control Act, CUNY is required to verify your employment eligibility and identity within
      three days of reporting to work.

2.    Are you physically, mentally, and medically able, with or without reasonable accommodation, to perform fully the essential
      duties of this job as contained in the job description? _Yes_____(yes/no)

      **If No,** you may still be eligible for appointment to the position.  Do you wish to make known at this time what
      accommodations would be necessary for you to perform fully? _____(yes/no) Use Section I to explain or be
      prepared to provide information upon appointment.

      **Note:** If you are seeking a non-competitive appointment under 55.A or 55.B of the New York Civil service Law for certified
      seeing, hearing, or mentally impaired persons, you must make known your desire to the selecting official and your eligibility
      must be verified prior to appointment.

**FOR VETERANS USE ONLY**

3.    Are you claiming veteran's or disabled veteran's preference credits for this position?_____
      (NYS law permits you to use veteran's credits only once.)

4.    Have you ever used your veteran's preference credits before for a civil service appointment or promotion within the State of
      New York?_____(yes/no) (your answer will be verified)

                                                      **Equal Employment Opportunity/
                                                      Affirmative Action Employer
                                                      (M/F/V/H)**

**EDUCATIONAL HISTORY:**

Please indicate highest equivalent grade of education completed.  (e.g. GED = 12; BA = 16)  _18_

List schools attended, beginning with most recent (college, business school, high school, vocational, trade, etc.).  If needed, list any additional education clearly on the blank sheet located in Section I, page 8, using the same format.  **DO NOT** include non-credit training programs here, use Section I, page 8.

1.  **College or other Post Secondary School's Name and Address** (Include Zip code; if not located in U.S., give country, and foreign mail code)  _Queens College, Flushing, NY_

Dates Attended (Month & Year) _09/01_ , _06/03_            Graduated?(Yes or No)  _Yes_
                             from        to
                                                            Degree _MLS_

Date Degree Received _09_ , _03_   Total Credits Completed _36_   Major Subject _Library Science_
                    month    year

No. of Credits in Major  _36_

2.  **College or Other Post Secondary School's Name & Address** (Include zip code; if not located in U.S., give country, and foreign mail code)  _Queens College, Flushing, NY_

Dates Attended (Month & Year) _09/99_ , _06/01_            Graduated? (Yes or No)  _Yes_
                             from        to
                                                            , Degree _BA_

Date Degree Received _06_ , _01_   Total Credits Completed _126_  Major Subject _Studio Art_
                    month    year

No. of Credits.in Major  _120_

3.  **High School or Trade School's Name & Address** (Including Zip code; if not located in the U.S., give country, and foreign mail code)

Dates Attended (Month & Year) _06/96_ , _06/99_            Graduated? (Yes or No)  _Yes_
                             from        to
                                                            Degree _AS_

Major Subject  _Fine Arts_

4.  **GED:** Year Issued  _1992_

**D.  EMPLOYMENT HISTORY:**
NOTE: Please account for any time lapses between employment clearly on the blank sheet, located in Section I, page 8.

List all employment for the past 15 years if job-related, <u>starting with your present or most recent job.</u>

1.  **Name and address of Employer:** (Include Zip code; if not located in U.S., give country, and foreign mail code)

Nature of Business _Island Trees Library_   Immediate Supervisor's Phone #: _(516) 731-2211_

Dates of Employment (month & year) _03/08_ , _Present_        Final Base Salary (indicate only one):
                                  from        to              ( ) Annual $_____
                                                             ( ) Weekly $_____
                                                             (✓) Hourly $ _20._

Exact Office Title and/or Civil Service Title of your Position:  _Librarian_

Number of Hours Worked Per Week:  _4_

Name and Title of Immediate Supervisor:  _Frank Mckenna_

Describe <u>in full</u> the duties of this job: _Answer ready reference questions, instruct patron's on information databases, weed library Collection_

-4-

Number of Employees Directly Supervised:_____   Reason for Leaving _Still employed_

**EMPLOYMENT HISTORY (continued):**

**2. Name & Address of Employer: (include Zip code; if not located in U.S., give country, and foreign Zip code)**

Nature of Business _Queensborough Community College_   Immediate Supervisor's Phone #: (718) 631 6284

Dates of Employment (month & year) _12/15/07_ / _06/01/08_
from                              to

Final Base Salary (indicate only one):
( ) Annual $_____
( ) Weekly $_____
(✓) Hourly $ _9.85_

Exact Office Title and/or Civil Service Title of your Position: _Office Assistant_

Number of Hours Worked Per Week: _15-20_

Name and Title of Immediate Supervisor: _Dr Thomas Smith, Chair Speech Dept._

Describe in full the duties of this job: _Organized department library, answered telephones, performed data entry tasks, faxed dept. documents_

Number of Employees Directly Supervised:_____   Reason for Leaving _Budget Expired_

**3. Name & Address of Employer: (include Zip code; if not located in U.S., give country, and foreign Zip code)**

Nature of Business _Queensborough Community College_   Immediate Supervisor's Phone #: (718) 281 5709

Dates of Employment (month & year) _10/07_ / _07/08_
from                              to

Final Base Salary (indicate only one):
( ) Annual $_____
( ) Weekly $_____
(✓) Hourly $ _12_

Exact Office Title and/or Civil Service Title of your Position: _Tutor_

Number of Hours Worked Per Week: _8_

Name and Title of Immediate Supervisor: _Jo Pantaleo Director Basic Skills Learning Center_

Describe in full the duties of this job: _Tutored native & non-native english, Taught ACT Reading & Writing exams_

Number of Employees Directly Supervised:_____   Reason for Leaving _Budget Problems_

**4. Name & Address of Employer: (include Zip Code; if not located in U.S., give country, and foreign Zip Code)**

Nature of Business_____   Immediate Supervisor's Phone #: (     )_____

Dates of Employment (month & year)_____/_____
from                              to

Final Base Salary (indicate only one):
( ) Annual $_____
( ) Weekly $_____
( ) Hourly $_____

Exact Office Title and/or Civil Service Title of your Position:_____

Number of Hours Worked Per Week:_____

Name and Title of Immediate Supervisor:_____

Describe in full the duties of this job:_____

Number of Employees Directly Supervised:_____   Reason for Leaving_____

**5.  Name & Address of Employer: (include Zip Code; if not located in U.S., give country, and foreign Zip Code)**

Nature of Business_____   Immediate Supervisor's Phone #: (     )_____

Dates of Employment (month & year)_____/_____   Final Base Salary (indicate only one:)
from            to            ( ) Annual $_____
( ) Weekly $_____
( ) Hourly $_____

Exact Office Title and/or Civil Service Title of your Position:_____

Number of Hours Worked Per Week:_____

Name and Title of Immediate Supervisor:_____

Describe in full the duties of this job:_____

_____

Number of Employees Directly Supervised: _____   Reason for Leaving_____

_____

**NOTE: IF NEEDED, LIST ANY ADDITIONAL EMPLOYMENT CLEARLY ON THE BLANK SHEET LOCATED IN SECTION 1, USING THE SAME FORMAT.**

For investigation purposes following appointment, we will contact all of the employers listed above in Section D.  Please indicate by number, which employers you do not wish us to contact prior to your being hired at CUNY:_____

**EMPLOYMENT SEPARATIONS:**

Have you ever been terminated or asked to resign from any employment?__No_____  If yes, give employer's name, your job title, dates of employment, and reason for leaving.

_____

_____

_____

**F. OTHER SKILLS:**
List the skills that you possess that are either required for this job or which you believe will help you perform this job better (e.g., office machines, languages, work processor); be specific:

_____

_____

**G. OTHER PERTINENT INFORMATION:**
Do you intend to continue any other position(s) with a City or State Agency or a CUNY College/Unit?
Yes_____/No_____          If yes, please state below.

Agency/College_____Title_____

Are you a full-time student? (Y/N)  No_____   Where?_____

Have you ever worked for CUNY?  (Y/N)_____   Where and When_____

**H.1 MILITARY SERVICE RECORD:**

Have you ever served in the armed forces of the United States?_____  If yes, complete the following section as it appears on

-6-

your discharge or separation papers:

What branch?_____                    Serial/Service No.:_____

**H.1 MILITARY SERVICE RECORD (continued):**

Dates of active service (Month/Year): _____/_____          _____/_____
                                  From                 To

Name as it appears on discharge papers:_____

Rank:_____          Military Occupation Specialty:_____

Enlistment Date (Month/Year_____/_____          Date of Discharge (Month/Year)_____/_____

If you are a disabled veteran, please complete the following section:

V.A. Claim No.:_____          Regional Office Where V.A. Records are filed:_____

Note: You will be asked to verify any claims for preference by submitting an original DD214.

**H.2 MILITARY DISCIPLINARY RECORD:**

Were you ever tried and convicted of an offense resulting in a court martial while serving in the military?_____ If yes, give details
of the charges and disposition below.

_____

_____

_____

I.  USE THIS SECTION FOR ADDITIONAL INFORMATION.  INDICATE THE LETTER OF THE SECTION BEING EXTENDED.  USE
THE SAME FORMAT.  ATTACH A SEPARATE SHEET IF NECESSARY.

-7-

L. **NOTICE (Please read carefully)**

A material false statement or omission willfully or fraudulently made in this application (including attached papers and related interviews) will result in disqualification, even following appointment, and may result in criminal prosecution.

If the position for which this application is submitted requires, as a condition of employment, the applicant to successfully undergo a drug, alcohol, or medical examination, failure to pass such examination or failure to report for such examination shall be grounds for non-appointment or for invalidating the appointment when an offer has been made.  Any offer of employment is contingent on successful completion of The City University of New York's total employment screening process, including, when required, receipt of references which the University or College considers satisfactory.

No manager or representative of The City University of New York has the authority to make an offer of employment or to represent a

-8-

condition of employment which is in violation of the Bylaws, Rules, regulations, or collective bargaining agreements governing the administration of the Classified Service of the University. Any representations which are contrary to administrative policies of the University, including those made in writing, are unenforceable. Only the representations made by the President of the College or the College Appointing Officer – usually the College Personnel Director – made in writing prior to appointment represent official representations.

The City University reserves the right to revise without notice any personnel policy or practice at any time other than those set forth in the University Bylaws, applicable New York State Laws, collectively bargained agreements, and the Rules of the CUNY Civil Service Commission.

AFFIRMATION:

I declare and Affirm, under penalty of perjury, that I have read and understand the above notice, and that the statements I have made herein are true and correct to the best of my knowledge.

Your Signature _Anthony Cammarata_            Date _7/22/08_

IF YOUR APPOINTMENT HAS BEEN DELAYED BY MORE THAN 30 DAYS
SINCE YOU LAST SIGNED THIS APPLICATION,
YOU MUST COMPLETE THE BACK PAGE OF THIS APPLICATION

DELAYED APPOINTMENT ONLY:

IF YOUR APPOINTMENT HAS BEEN DELAYED BY MORE THAT 30 DAYS SINCE YOUR INITIAL SUBMISSION OF AN APPLICATION, UPON BEING HIRED YOU WILL BE ASKED TO REVIEW THIS APPLICATION AGAIN TO DETERMINE IF YOU NEED TO MAKE CHANGES AND CORRECTIONS.  FOR CHANGES IN SECTIONS J AND K, MAKE THOSE CHANGES DIRECTLY IN THOSE SECTIONS ON THE CONVICTION NOTICE AND LICENSE REGISTRATION FORM. OTHERWISE, MAKE CHANGES OR CORRECTIONS IN THE SPACE BELOW.

SIGN THE APPLICATION AGAIN, IN SECTION M, BELOW.

**M. DELAYED APPOINTMENT:**

If you are resubmitting this form following a delay in your appointment of more than 30 days from the date of your first submission, you must sign again to certify the accuracy of your application.

A material false statement or omission willfully or fraudulently made will result in disqualification, even following appointment, and may result in criminal prosecution.

**AFFIRMATION:**

I have made in the space above all the changes and corrections that have occurred since my first submission of this application, under Delayed Appointment, or in Sections J and K as directed above.

I declare and affirm, under the penalties of perjury, that I understand the above notice and that the statements contained herein are true and correct to the best of my knowledge.

Your Signature:_____     Date:_____

OFSR-602
9/05

INVEST IN NY

-10-

# EXHIBIT Q

 The City
University
of
New York

Office of Human Resources Management
Central Office Human Resources
205 East 42nd Street, 10th floor
New York, NY 10017
Tel: 646-664-3300
Fax: 646-664-2962

September 6, 2017

Sanford Kutner, Esq.
Oklahoma City, OK
New York, NY
Email: civilrightslaw@aol.com

Dear Mr. Kutner:

I am responding to your letter of July 5, 2017 regarding Anthony Cammarata which was sent via email to Vice Chancellor Waters. I apologize for my delay in responding. There is no merit to your claim that Mr. Cammarata has been treated in a hostile and unfair manner, or to any of the allegations you raise. To the contrary, Mr. Cammarata has now been on leave from his position at CUNY for close to a year with very scanty medical documentation. Below are my responses to the issues raised in your letter:

1. Mr. Cammarata exhausted his FMLA leave in early December 2016, and has been seeking a further leave as a reasonable accommodation for a disability. CUNY is entitled to obtain a complete medical certification to determine whether a continuous leave of absence is necessary and what duties Mr. Cammarata can and cannot perform. The certification from Mr. Cammarata's doctor, Dr. Kvetny, dated November 30, 2016 is incomplete and illegible. His subsequent letter dated January 30, 2017 did not provide any specific information. Therefore, CUNY was entitled to seek further information from Mr. Cammarata's doctor.
2. In his Request Form requesting further leave, dated December 2, 2016, Mr. Cammarata agreed that "if the certification is not clear, the College can contact the Healthcare Provider for clarification."
3. Mr. Cammarata was provided with his personnel records, which were received by him on or about June 7, 2017.

As stated above, Mr. Cammarata has now been on medical leave without sufficient medical documentation, since on or about December 2, 2016, and has been not been working for approximately one year. It is not a reasonable accommodation to hold a job open indefinitely. CUNY needs to know if Mr. Cammarata is still claiming to be unable to return to work, or whether he can provide a return date in the near future. If he cannot, CUNY will need to begin proceedings to terminate his employment.

Sincerely,

Sonia S. Pearson
Director of Human Resources

Cc:    Vice Chancellor Waters



# EXHIBIT R

SANFORD KUTNER
Attorney at Law
Oklahoma City, OK
New York, NY
(405) 923-1644 or (347) 434-4444
FAX (866) 613 6209
Email: civilrightslaw@aol.com

## ALL ADDRESSEES WILL BE ONLY NOTIFIED BY EMAIL or FAX

September 8, 2017

Sonia S. Pearson
Director of Human Resources
Office of Human Resources Management
Central Office Human Resources
205 East 42nd Street, 10th floor
New York, NY 10017

September 8, 2017

Dear Ms. Pearson:

This letter is being sent in response to your letter Dated September 6, 2017 regarding Anthony Cammarata, which your office purposely delayed in responding.  There is no merit to your claim that Mr. Cammarata has NOT been treated in a hostile and unfair manner, or to any of the claims that you raise in regards to his condition. While Mr. Cammarata has now been on leave from his position at CUNY for close to a year, his doctor did supply the necessary medical documentation along with follow up letters indicating the severity of the condition.  Below are the rebuttals to the issues you have raised in your letter:

1. First and foremost, it is unacceptable that it took you nearly 2 months to respond to this letter on purpose, further delaying the issue that CUNY failed to provide Mr. Cammarata with an extension to his FMLA leave request on December 2, 2016. Your office did not send a letter asking for further clarification until December 12, 2016 **"Exhibit A"**. This was your first attempt to put undue pressure on Mr. Cammarata, thereby, having his doctor write a letter on December 19, 2016, **"Exhibit B"**, further explaining his condition and reason for continued leave with reasonable accommodation for his disability. You claim that Dr. Kvetny's subsequent letter dated January 30, 2017 **"Exhibit C"** did not provide any specific information. This is erroneous. The explanation was clear and specific as to Mr. Cammarata's condition and clearly stated that Mr. Cammarata suffers from anxiety and depression, panic attacks daily, therefore, he is continuously disabled and unable to perform all of his duties. If you are aware of, or perhaps your legal department should be aware of HIPAA which protects the confidentiality of a Doctor's patient and their complete medical records. Unless a patient signs a release of said records, a doctor cannot release

certain information. Therefore, your statement that CUNY was entitled to seek further information from Mr. Cammarata's doctor is completely fabricated and shows no merit.

2. You next state that in Mr. Cammarata's Request Form requesting further leave, dated December 2, 2016, Mr. Cammarata agreed that "if the certification is not clear, the College can contact the Healthcare Provider for clarification." That is a complete fabrication. Mr. Cammarata did provide further clarification from his doctor within the allotted time he was given by CUNY, twice as a matter of fact, once on December 19, 2016 and again on January 30, 2017. But what Mr. Cammarata did not agree to, in which your office and CUNY tried to do, was to circumvent Mr. Cammarata and by sending a direct request for medical information from Dr. Kvetny without notifying Mr. Cammarata. Which, not only violates Mr. Cammarata's rights, but also HIPAA. Mr. Cammarata has a record this heinous disregard for his civil rights. Furthermore, since that Request for FMLA was denied by your office, that agreement was nullified, further violating FMLA laws.

3. Since being removed from payroll and health insurance of any kind, without any warning to Mr. Cammarata, written or otherwise, CUNY violated a federal law. The Consolidated Omnibus Budget Reconciliation Act of 1986 (COBRA), which gives eligible employees the right to continue their health insurance if they would otherwise lose that opportunity due to job loss or a cut in hours that brings them below the employer's coverage threshold. Thereby, CUNY denied Mr. Cammarata the right to C.O.B.R.A. And since Mr. Cammarata was not terminated, CUNY Broke this Law and again violated Mr. Cammarata's Civil Rights.

*N.Y. Ins. Law § § 3221(f), 3221(m)*

**Eligiblility:** Group health plans for employers with 20 or more employees on more than 50 percent of the working days in the previous calendar year are subject to COBRA. The term "employees" includes all full-time and part-time employees, as well as self-employed individuals. For this purpose, the term employees also includes agents, independent contractors and directors.

**Length of coverage for employee:** 36 months.

**Length of coverage for dependents:** 36 months.

**Qualifying event:** Termination of employment; death of employee; divorce or legal separation; loss of dependent status; employee's eligibility for Medicare.

**Time employee has to apply:** 60 days after termination or receipt of notice, whichever is later.

4. To your last statement Mr. Cammarata WAS NOT provided with his complete personnel records, which he requested twice from Ms. Lidia Sanchez, once on May 11, 2017, **"Exhibit D"** where his email went unanswered, and in a second attempt on May 28, 2017 **"Exhibit E"**, only to finally receive a response on May 31, 2017 **"Exhibit F"** by Francis Correa. Furthermore, the envelope **"Exhibit G"** which weighed 4.7 ounces and the only documents contained in the envelope

sent were his original Hiring Letters, a letter of salary increase and some incidental forms. Thereby, denying his Civil Rights once again, and violating the Freedom of Information Act.

As stated above, Mr. Cammarata has had his Civil Rights violated on more than one occasion. He has been on leave without sufficient medical health care coverage since on or about January 19, 2017, and has been denied COBRA. CUNY has violated HIPAA, The Freedom of Information Act, and countless other violations and Laws. Mr. Cammarata will agree to return to CUNY, once CUNY has back-paid 8 months of his full salary along with medical insurance he has been without for 8 months. A formal apology, to be placed in his personnel record, for putting Mr. Cammarata under unnecessary emotional suffering.


Cc:    Vice Chancellor Waters
        Katherine Raymond, Esq.